STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
DOMINICK LEFANTE, DEFENDANT-RESPONDENT.

Argued May 18, 1953—Decided June 8, 1953.

*Mr. Raymond J. Cuddy* argued the cause for the appellant (*Mr. Frederick T. Law*, County Prosecutor).

*Mr. Abraham J. Slurzberg* argued the cause for the respondent (*Mr. J. Arnold Bressler*, attorney).

The opinion of the court was delivered by

VANDERBILT, C. J. The defendant was convicted on both counts of each of three indictments, all of which were identical except in alleging the commission of the crimes on different days over a period of four months. The first count of each indictment charged that the defendant "did carnally abuse a girl (naming her) aged nine years, contrary to the provisions of *R. S.* 2:163–1." The statute reads as follows:

"*Any person* who shall have carnal knowledge of a woman forcibly against her will, or shall aid, abet, counsel, hire, cause or procure any person to commit such offense, or *who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child under the age of twelve years, with or without her consent, shall be guilty of a high misdemeanor*, and punished by a fine not exceeding five thousand dollars, or imprisonment at hard labor not exceeding thirty years, or both; or who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child over the age of twelve years and under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding two thousand dollars, or imprisonment at hard labor not exceeding fifteen years, or both." (Emphasis added.)

This statute, with amendments not pertinent here, is now found in *N. J. S.* 2A:138–1.

The second count of each indictment charged that the defendant "did commit an assault upon" his victim (naming her) "aged nine years, contrary to the provisions of *R. S.* 2:110–2." This statute reads:

"Any person who shall commit an assault with intent to kill, or to commit burglary, rape, robbery or sodomy, or to carnally abuse a female under the age of sixteen, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding three thousand dollars or by imprisonment at hard labor not exceeding twelve years, or both."

This statute, with amendments immaterial here, is now *N. J. S.* 2A:90–2.

Prior to the trial the defendant moved to dismiss the indictments on the ground that the indictments failed to charge an offense under *R. S.* 2:163–1 in that they did not contain an allegation in the language of the statute that the defendant was sixteen years of age or over. In fact he was 53 years old. His motion was repeated at the close of the State's case and again ·at the conclusion of the trial, being denied each time. The defendant appealed his conviction to the Appellate Division of the Superior Court, which court reversed the judgment below, first, on the ground that the first count of each of the indictments failed to allege the age of the defendant, and secondly, because the second count of each indictment failed to allege an intent to commit a crime or to name the intended crime, 23 *N. J. Super.* 511 (1952).

This appeal by the state raises two questions, one of criminal law and the other of pleading.

## I.

■■ The primary purpose of an indictment is to inform the defendant of the nature of the offense charged against him, so that he may adequately prepare his defense, while a second function is to serve as a shield from another indictment for the same offense, *State v. Winne*, 12 *N. J.* 152, 178 (1953). If the defendant should be reindicted, he may use the first indictment and his acquittal or conviction thereon to avoid the threat of double jeopardy by virtue both of our Constitution, *Article* I, *par.* 11, and the common law, *State v. Di Giosia*, 3 *N. J.* 413 (1950). See also 4 *Barron, Federal Practice and Procedure* (1951), *sec.* 1914.

■ The sufficiency of an indictment is to be determined in the light of the pertinent rules of court and judicial decisions. *Rule* 2:4–11, dealing with the nature and contents of an indictment, reads, so far as it is pertinent here, as follows:

"The indictment or accusation shall be a written statement of the essential facts constituting the offense charged. * * *

Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. An indictment or accusation or any count thereof charging the violation of a statute or statutes shall state for each count the official or customary citation of the statute or statutes which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or accusation or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

The apposite rules on appeal are *Rules* 1:2–19(a) and (b)—(a) dealing with matters advantageous to a defendant, while (b) treats of correlative instances of the relaxation of strict rules in favor of the State:

"(a) In criminal causes, errors apparent on the face of the judgment record shall be reviewable as heretofore. Error in the admission or rejection of testimony, or in the charge of the court, or in the refusal to charge as requested by the defendant, or in the denial by the court of any matter resting in discretion, or in any other ruling or order made during the course of the trial, shall be cause for reversal if specific objection thereto was made and it appears from the entire record of the proceedings had upon the trial that the defendant thereby suffered manifest wrong or injury. The court may, however, notice plain errors affecting substantial rights of the defendant, although they were not brought to the attention of the trial court. If it shall appear, after challenge interposed by the defendant in the appellate court, that the verdict was against the weight of the evidence, the judgment shall be reversed and a new trial ordered. A verdict of a jury shall not be set aside as against the weight of the evidence unless it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion.

"(b) No judgment given upon any indictment shall be reversed for any imperfection, omission, defect or lack of form, or for any error except such as shall have prejudiced the defendant in maintaining his defense upon the merits."

Together these rules bespeak the determination of the court to put an end to the determination of criminal proceedings on the technicalities that so often characterize criminal proceedings at common law and that tended to bring the law and the administration of justice into disrepute. Here the defendant is clearly apprised of the fact that he is accused

of carnal abuse of a nine year old girl under *R. S.* 2:163–1, *supra*. It would seem that the defendant is told all he needs to know as to the nature of the charge against him. The prosecutor and the trial judge so believed even in the face of the defendant's objection that the indictments were defective for failing to state that the 53-year-old defendant was 16 years of age or over, for there was no suggestion by them of an amendment of the indictment, which would have been proper under *Rule* 2:4–13. Nor did the defendant demand a bill of particulars under *Rule* 2:4–14:

"Bills of particulars shall be ordered by the court, when the indictment or accusation is not sufficiently specific to enable the defendant to prepare his defense. * * * Further particulars may be ordered in the discretion of the court, when a demand therefor is promptly made."

Nevertheless, it was held by the Appellate Division of the Superior Court and it is urged here by the defendant that inasmuch as the statute under which the defendant was indicted specifies that the defendant must be of the age of 16 or over, the indictment is fatally defective for failing so to allege.

To resolve this issue it becomes necessary to examine, in the first place, the decisions in this State. In every case to which we are referred by the defendant the expressions on the subject are clearly *dicta* and conceded to be so by the defendant both in his brief and at the oral argument. Only one of these cases was in the court of last resort. Reviewing these cases chronologically, *Scarpa v. State*, 20 *N. J. L. J.* 113, 114 (*Sup. Ct.* 1897) dealt merely with the insufficiency of a verdict which did not state that the defendant was 16 years of age or over. The form of the indictment was not before the court. In *Farrell v. State*, 54 *N. J. L.* 416, 420 (*Sup. Ct.* 1892), where the indictment alleged the defendant's age, the court said: "The material facts descriptive of the statutory crime are that the man is of the age of 16 years, that the girl is under the age of 16 years, and that he has carnally abused her. An indictment which sets out these facts charges the offense at which the statute was aimed."

In *State v. Jackson,* 65 *N. J. L.* 105, 106 (*Sup. Ct.* 1900), and likewise in *State v. Cannon,* 72 *N. J. L.* 46, 47 (*Sup. Ct.* 1905), the indictment alleged that the defendants were over the age of 16 years. In *State v. Pilman,* 119 *A.* 438, 439 (*Sup. Ct.* 1922), where the indictment alleged the defendant's age, the court remarked that the "age of the prosecutrix and the defendant is the essence of the crime alleged." In *State v. Ferris,* 99 *N. J. L.* 325 (*Sup. Ct.* 1923), the indictment charged common-law rape, not statutory rape. The trial judge submitted the case to the jury as if the indictment were under the statute. On review the Supreme Court said, "the fundamental error * * * is' that the charge of the court permitted the jury to convict the defendant of a crime not charged in the indictment." The court's remarks as to the necessity of averring the age of the man and the girl in an indictment under the statute (which was not before the court) are clearly *obiter*. In *State v. Lasowski,* 4 *N. J. Misc.* 489, 491 (*Sup. Ct.* 1926), the court observed that "The state was required to prove, in order to make a case under the statute, that the defendant was of the age of sixteen and over," but it is conceded in the opinion below as it was at the oral argument that this remark is *dictum*. Nor is *State v. White,* 103 *N. J. L.* 153, 155 (*E. & A.* 1926), the only one of these cases that reached the court of last resort, any authority on the point at issue for there the defendant's age was alleged in the indictment.

In contrast to the lack of any ruling on the point in this State stands the weight of authority in other states, 75 *C. J. S., Rape,* § 37, *p.* 499, 44 *Am. Jur.* 936 and 22 *R. C. L.* 1199, where it was said:

"It is well settled that it is not necessary in an indictment for common law rape * * * to allege the age of the defendant. If he is below the age of competency, this is a matter of defense; and where age is alleged it may be rejected as surplusage. So by the weight of authority, indictments drawn under statutes providing that any person of a certain age and upwards who shall have carnal knowledge of a female under a certain age although with her consent, shall be adjudged guilty of the crime of rape, need not allege the age of the defendant." (22 *R. C. L.* 1199)

The majority rule is supported by sound reason. While the age of the prosecutrix is the distinguishing ingredient of the crime of carnal abuse, *State v. Koettgen*, 89 *N. J. L.* 678, 681 (*E. & A.* 1916), 2 *O'Regan and Schlosser, Criminal Laws of New Jersey* (1942) 958, *fn.*, which must be alleged in the indictment and proved at the trial, the age of the defendant is not in the same category. It is the duty of the State to allege the age of the girl so that the defendant will know what crime he is charged with. This is important to him because *R. S.* 2:163–1, referred to in each indictment, deals with three separate crimes: (1) rape, (2) carnal abuse of a woman-child under the age of 12 years, and (3) carnal abuse of a woman-child over the age of 12 years and under the age of 16. The first two offenses carry a punishment of a fine not exceeding $5,000 or imprisonment at hard labor not exceeding 30 years or both, while the third carries a punishment of a fine not exceeding $2,000 or imprisonment at hard labor not exceeding 15 years or both. The ingredient distinguishing the second and third offenses is the age of the prosecutrix. If her age were not alleged in the indictment, the defendant would not know of which offense he was accused and to which punishment he might be subjected. This would be manifestly unfair and in contravention of sound principles of judicial procedure.

The age of the defendant, however, is the same in both the second and third crimes described in *R. S.* 2:163–1, so that there is no distinction in punishment depending on his age. Moreover, he knows his own age better than any one else and so he does not need proof on the subject. Nor in many cases does the jury require such proof for, as the trial judge remarked here, the eyes of the jurors told them that the 53 year old defendant was "of the age of sixteen or over." But even more fundamental than these considerations is the fact that the age of the defendant is a factor going to his capacity in law to commit the crime rather than constituting an ingredient of the crime as the *dicta* in certain of our cases would seem to imply. The statute conclusively rules, regardless of whatever the physical fact may be, that

a defendant under the age of 16 (as distinguished from the common law rule of under the age of 14) cannot commit the crime of carnal abuse, just as the law conclusively rules that an insane person (insanity being proved) cannot commit a crime. Being under 16 years of age or being insane involves the legal capacity of the defendant and nothing more, and is always a matter of defense. The same situation prevails in the related common-law crime of rape, which is defined in the first clause of *R. S.* 2:163 as "carnal knowledge of a woman forcibly against her will". At common law there is "an irrebutable presumption that a boy under the age of fourteen years is incapable of committing rape, irrespective of evidence of his physical capacity.", *Kenny, Outlines of Criminal Law* (1952), 152, *R. V. Groombridge*, 7 *C. and P.* 582 (1836). His legal incapacity is a matter of defense. And so in indictments for rape at common law and in this State the age of the defendant is not alleged in the indictment or proved at the trial, lack of legal capacity being deemed a matter of defense, 2 *O'Regan and Schlosser, op. cit.* 1308, and the authorities there cited:

"On a charge of rape, in any of its phases, the indictment or information must individuate and describe the accused within the general rule as to description of defendants in criminal cases. We have already seen that it is not necessary to allege his sex; neither is it necessary to allege his age or physical capacity to commit the crime, want of age and want of capacity being defenses which it is not necessary to anticipate, or that he was a white person, where the punishment against white persons is different from that against colored persons.

We have already seen that an indictment or information charging rape need not set out the age of the accused, and this rule prevails in those cases in which, by statute, it is made rape for a man of a specified age and upward to have intercourse with a female of a specified age and below that age, irrespective of her consent thereto, although there are authorities to the contrary." 2 *Wharton Criminal Procedure* (10th ed., Kerr, 1918), 1598.

It is difficult to see any greater need for alleging the defendant's age on an indictment for carnal abuse, simply because the crime is created by statute, than it would be in the related crime of rape.

■ Whatever semblance of reason there may have been for alleging the age of the defendant in mechanically repeating the language of the statute disappears when we consider *R. S.* 2:103–3.1 (now in amended form *N. J. S.* 2A:85–4).

"A person under the age of sixteen years is deemed incapable of committing a crime under the common law or statute law of this state."

If the statute in all indictments were treated as the defendant would have us treat *R. S.* 2:163–1, it would be necessary to include an allegation in every indictment that the defendant is not under the age of 16 and to prove it at the trial. But such, of course, has never been the case. The age of the defendant, *i. e.*, his legal capacity, has always been a matter of defense and it makes no difference whether his legal capacity is defined in the statute creating the crime originating in the common law, as here, or by common law as in rape, or by a separate statute applicable to all children under the age of 16.

## II.

The tendency observed in the instant case to insist on the pleading of statutory offenses literally and mechanically is unsound in principle, as we have seen, and may lead to unfortunate results in both the civil and criminal law, quite contrary to the underlying objectives of the rules of court as summarized in *Rule* 1:7–9 :

"The rules of the court shall be considered as general rules for the government of the court and the conducting of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any cases where it shall be manifest to the court that a strict adherence to them will work surprise or injustice * * *."

There are two lines of cases in this State on this point. *Zabady v. Frame,* 22 *N. J. Super.* 68 (*App. Div.* 1952), is the most recent illustration of one point of view. There a suit was brought under *R. S.* 2:57–5 to recover gambling

losses. The statute provided that such suits "shall be brought within six calendar months after payment or delivery". On appeal it was held that an allegation that the gambling loss was paid on or about a specific date was not a sufficient allegation that the suit was brought within six months of the payment of the loss, even though the court records showed conclusively that the complaint was filed within six months of the specific date. The court reached its conclusion on the authority of such cases as *Lapsley v. Public Service Corporation*, 75 *N. J. L.* 266 (*Sup. Ct.* 1908), *Seitter v. West Jersey & S. R. R. Co.*, 79 *N. J. L.* 277 (*Sup. Ct.* 1910), and *Shack v. Dickenhorst*, 99 *N. J. L.* 120 (*E. & A.* 1923). In the *Lapsley* case Chief Justice Gummere held that in an action under the Death Act, (now *N. J. S.* 2A:31–1 *et seq.*), the plaintiff must plead and prove that the suit was commenced within 12 calendar months after the death occurs, that being the statute of limitations formerly prescribed in such cases by the act. In reliance on this ruling, the court held in the *Seitter* case that the declaration should aver "in so many words that the action was commenced within 24 calendar months after the death". (*P.* 278). In *Shack v. Dickenhorst*, 99 *N. J. L.* 120, *supra*, the court had before it a suit under the same statute involved in the *Zabady* case. Relying on the cases above discussed, the court said:

"It is a fundamental rule in the construction of a statute that effect must be given to each part thereof; that is, that it must be so construed that, if possible, no clause, sentence or word shall be superfluous, void, or insignificant." (*P.* 122)

and for want of an allegation that the suit was brought within six calendar months affirmed the decision below striking the complaint on the ground that it disclosed no cause of action.

 But conceding as we do that the courts must give effect to every part of a statute, it does not necessarily follow that every part of a statute must be mechanically reproduced in a complaint in an action brought on it, and cer-

tainly not "in so many words" as insisted in the *Seitter* case, *supra*. Due consideration should be given to the legislative intent in inserting words in a statute, and it should not be presumed that the Legislature was ignorant of or indifferent to the traditional method of pleading a statute of limitations as a defense. Other decisions have adopted this view with more logical and practical results. Thus, in construing *R. S.* 2:65–2 (now *N. J. S.* 2A:50–2), which provides that a suit on a bond for a deficiency after foreclosure proceedings shall be commenced within three months after the sale or confirmation thereof, if confirmation is required, it was held in *Meyer v. Supinski,* 125 *N. J. Eq.* 584, 590 (*Ch.* 1939), that the statute should be treated as "a statute in the nature of a statute of limitations," *i. e.*, a matter of defense. In *Wootton v. Pollock,* 119 *N. J. Eq.* 128, 129 (*E. & A.* 1935), the motion to strike the bill of complaint was based on the fact that the bill was not filed within three months after sale, not that the allegation was not made in the bill itself; again the statute is treated as a matter of defense.

A similar situation is presented in *South Broad B. & L. Assn. v. Brunetto,* 112 *N. J. L.* 79 (*E. & A.* 1934), under *L.* 1907, *p.* 563 (now found in *N. J. S.* 2A:50–6) requiring the filing of a notice of *lis pendens* as a preliminary step to a suit for a deficiency judgment after foreclosure proceedings and providing that no judgment shall be entered unless such notice has been filed before the commencement of suit. It was there held that the plaintiff was not required to aver the filing of such notice in his complaint. The failure to file it was a matter of defense for the defendant to plead.

The group of decisions last mentioned conform to our long-established practice of pleading according to legal effect:

"Acts and contracts may be stated according to their legal effect, but in so doing, the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove; thus, an act or promise of a principal other than a corporation, if in fact proceeding from an agent known to the pleader should be so stated. * * *" *Rule* 3:9–3, adapted from *Rule* 21 of the Practice Act of 1912.

Compliance with this rule and the cases reflecting the principle embodied in it gives effect to the legislative intent not in any mechanical, formalistic way but with due regard to the true meaning and intent of the act in question. At the same time compliance with the rule not only avoids the pitfall of what under the cases here criticized prove may be a technicality frustrating justice, but it relieves the plaintiff from carrying a burden at the trial that is normally and rightly the defendant's, *i. e.*, of pleading and proving the statutory limitation for commencing an action.

The same sound and convenient rule of pleading, as we have observed in discussing the indictment in the instant case, should apply in criminal cases as well as in civil matters. It is argued that the ruling in *State v. Brand*, 77 *N. J. L.* 486, 487 (*E. & A.* 1908), that "in charging a statutory offense it is sufficient to lay the charge in the words of the act, without a particular statement of facts such as will bring the accused within its operation", citing *State v. Thatcher*, 35 *N. J. L.* 445 (*Sup. Ct.* 1872), *Gardner v. State*, 55 *N. J. L.* 17, 23 (*Sup. Ct.* 1892), and *State v. Bartholomew*, 69 *N. J. L.* 160, 164 (*Sup. Ct.* 1903), and followed in *State v. Caporale*, 85 *N. J. L.* 495, 496 (*Sup. Ct.* 1914) and *State v. Morris*, 98 *N. J. L.* 621, 623 (*Sup. Ct.* 1923), compels the use of the statutory language creating the crime on which the indictment is based and all of it; but a reading of the cases, especially the *Caporale* case, *supra*, discloses a contrary intent. In the *Caporale* case, language substantially similar or stronger in meaning was permitted in lieu of the statutory language. Nor do any of these cases hold or assume to hold that all of the language of a statute must be pleaded, regardless of its legal effect. Any such rule would be peculiarly unfortunate at a time when the Legislature has acted to delete all the procedural provisions from the statute books (see *L.* 1950, *c.* 171; *N. J. S. Tilles 2A* and *3A*; *L.* 1952, *c.* 11; *L.* 1953, *c.* 4 to *c.* 54) in keeping with *Winberry v. Salisbury*, 5 *N. J.* 240 (1950).

On the other hand, it is not to be assumed that a complaint or an indictment is open to attack simply because

it pleads matters by way of anticipation that should properly be asserted by way of reply to a defense not yet set up. The only effect of such pleading is that the plaintiff may find himself assuming a burden of proof that under proper pleading would not be his. Ordinarily the trial court may safeguard the parties against such a situation by directing amendment either in advance of or at the trial. It should always be borne in mind that "All pleadings shall be so construed as to do substantial justice." *Rule* 3:8–6.

### III.

In the view of the case here taken it becomes unnecessary to consider the objections raised to the sufficiency of the second count of each of the three indictments.

The judgment of the Appellate Division of the Superior Court is reversed, and the judgment of the Hudson County Court is reinstated.

*For reversal*—Chief Justice VANDERBILT, and 'Justices HEHER, JACOBS and BRENNAN—4.

*For affirmance*—Justices OLIPHANT, WACHENFELD and BURLING—3.