620 A.2d 1051

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
LAWRENCE COLLINS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 7, 1992—Decided February 10, 1993.

232

Before Judges J.H. COLEMAN, ARNOLD M. STEIN and CONLEY.

*Roberts, Pedicini & Fielo,* attorneys for appellant (*Richard M. Roberts,* of counsel; *Stephen M. Higgins* on the letter brief).

*James F. Mulvihill,* Acting Essex County Prosecutor, attorney for respondent (*Debra G. Lynch,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the Court was delivered by

ARNOLD M. STEIN, J.A.D.

Defendant was found guilty of conspiracy to distribute cocaine, *N.J.S.A.* 2C:5-2; distribution of the cocaine, *N.J.S.A.*

2C:35–5; distribution of the cocaine within 1,000 feet of school property, *N.J.S.A.* 2C:35–7; and employing a juvenile in the distribution of the cocaine, *N.J.S.A.* 2C:35–6. For the conviction for employing a juvenile in drug distribution, the trial judge sentenced defendant to a ten-year prison term with a five-year parole ineligibility period. He merged the conspiracy and drug distribution counts into the school zone count and imposed a concurrent five-year term with a three-year parole ineligibility period. Fines, penalties, fees and a driver's license suspension were also imposed. We reverse the conviction for employing a juvenile in drug distribution and affirm the conviction on the remaining count.

The State introduced evidence that defendant and a seventeen-year-old juvenile made a sale to an undercover detective. The detective was heading upstairs to an apartment in the building where defendant and the juvenile were standing in the hallway. The juvenile asked the detective what he wanted. The detective asked if he could get a "40," and the juvenile handed him a tinfoil folio containing cocaine. The detective handed defendant $40 in bills which had previously been photocopied. When defendant was arrested with the juvenile a short time later, he had $130 in his possession, $40 of which were the prerecorded bills. The State offered the city map as proof that the transaction took place within 1,000 feet of an elementary school.

Defendant did not testify in his own behalf. He produced a friend who testified that he had observed an unidentified female buy drugs from a Joe Williams who later handed money to defendant. The juvenile involved with defendant in the transaction testified that he never entered the building where the sale took place. The jury was obviously unconvinced by defendant's version of the incident.

Defendant raises the following contentions in his brief on appeal:

Point I

COMMENTS MADE BY THE PROSECUTOR DURING HER OPENING ARGUMENTS WERE IMPROPER AND DEPRIVED THE DEFENDANT OF A FAIR TRIAL.

Point II

IT WAS ERROR FOR THE COURT TO ADMIT INTO EVIDENCE THE UNAUTHENTICATED MAP DEPICTING DRUG–FREE SCHOOL ZONES.

Point III

THE COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL WITH RESPECT TO COUNT IV OF THE INDICTMENT (USE OF A JUVENILE IN A DRUG DISTRIBUTION SCHEME). (Not Raised Below.)

We agree with defendant's contention that his conviction on count IV, using a juvenile in a drug distribution scheme, was unsupported by sufficient evidence because the State failed to prove that defendant was eighteen years old when he committed the offense.

*N.J.S.A.* 2C:35–6 provides:

Any person being at least 18 years of age who knowingly uses, solicits, directs, hires or employs a person 17 years of age or younger to violate N.J.S. 2C:35–4 or subsection a. of N.J.S. 2C:35–5, is guilty of a crime of the second degree....

It is undisputed that the State failed to offer any proof of defendant's age during the trial. Moreover, the trial judge instructed the jury that the State was required to prove beyond a reasonable doubt that defendant was at least eighteen years old at the time of the alleged offense. The judge's instructions tracked the Model Jury Charge, approved March 21, 1988, which states that one of the elements of the offense required to be proved by the State is that "defendant was at least 18 years of age at the time (he/she) engaged in the conduct alleged in the indictment." The State did not take exception to this part of the judge's charge.

The State must, of course, prove each element of the crime charged beyond a reasonable doubt. *N.J.S.A.* 2C:1–13a. *In re Winship*, 397 *U.S.* 358, 364, 90 *S.Ct.* 1068, 1073, 25 *L.Ed.*2d 368, 375 (1970); *State v. Vick*, 117 *N.J.* 288, 293, 566 *A.*2d 531 (1989); *State v. King*, 248 *N.J.Super.* 173, 179, 590 *A.*2d 700 (App.Div.1991). We conclude that the State was

required to prove that defendant was at least eighteen years old because defendant's age was an essential element of the offense, *i.e.,* "(1) such conduct or (2) such attendant circumstances ... as (a) is included in the description of the forbidden conduct in the definition of the offense [or] (b) establishes the required kind of culpability." *N.J.S.A.* 2C:1–14h; *State v. Ingram,* 98 *N.J.* 489, 493, 488 *A.*2d 545 (1985). *N.J.S.A.* 2C:35–6 addresses a specific, especially reprehensible evil: employment by an adult of a juvenile in the commission of drug-related activity. A conviction under *N.J.S.A.* 2C:35–6 does not merge with a conviction for the underlying criminal offense, manufacturing or distributing drugs, which constitutes one of its elements.

Commission of the drug-related crime, age of the person employed by the actor, and age of the actor are all essential elements of *N.J.S.A.* 2C:35–6. Without proof of the underlying offense, there is no violation of *N.J.S.A.* 2C:35–6; without proof that the person whom the actor engaged in the criminal offense is seventeen years old or younger, there is no violation of this statute; and without proof that the actor who engaged a person seventeen years old or younger in a criminal offense is at least eighteen years old, there is no violation of this statute.

Where the Legislature places the burden of proving age upon the defendant, it says so. See, *e.g., N.J.S.A.* 2C:4–11b, requiring defendant to prove his age to the court's satisfaction to avoid adult prosecution. Thus, pursuant to *N.J.S.A.* 2C:4–11b, a defendant who proves that he or she is under eighteen years of age is tried in the Family Court as a juvenile for any offense which would be a crime if committed by an adult (with various exceptions, such as traffic court violations). However, a defendant charged with a violation of *N.J.S.A.* 2C:35–6 who is less than eighteen years old, is not tried as a juvenile or otherwise, simply because the statute has not been violated. Thus, defendant's age does not affect where he can be tried for a violation of *N.J.S.A.* 2C:35–6, but rather affects whether he can be tried for violating this statute. Consequently, the State must prove

that defendant was at least eighteen years old to establish defendant's guilt under *N.J.S.A.* 2C:35–6.

The State will not be unreasonably burdened by being required to prove defendant's age. "In this age of documented existence there is little doubt that ordinarily the prosecution may be able to secure evidence of the defendant's age." *People v. Montalvo*, 4 *Cal.*3d 328, 336, 93 *Cal.Rptr.* 581, 586, 482 *P.*2d 205, 210 (1971).

■ There will, of course, be occasions when defendant's physical appearance will permit the jury to determine beyond a reasonable doubt that defendant's age is the required age set forth in the statute. *See, e.g., State v. Lefante*, 12 *N.J.* 505, 513, 97 *A.*2d 472 (1953) (fifty-three-year-old defendant tried for carnal abuse of nine-year-old child); *Montalvo, supra*, 4 *Cal.*3d at 336, 93 *Cal.Rptr.* at 586, 482 *P.*2d at 210. There is, however, nothing in the record to indicate this defendant's physical appearance. The only information we have as to his age is defense counsel's statement at sentencing that defendant was twenty-four years old. We suggest that if the State intends to rely on defendant's physical appearance to prove his or her age, the State should request that the jury be instructed to consider defendant's appearance in determining whether defendant's age is established beyond a reasonable doubt.

We distinguish this case from *Lefante*, in which the New Jersey Supreme Court upheld the conviction of a fifty-three-year-old defendant who, as we previously noted, had committed acts of abuse upon a nine-year-old child, and where the indictment did not allege and the State did not prove defendant's age. The statute then in effect, *R.S.* 2:163–1, later *N.J.S.A.* 2A:138–1, provided:

> *Any person* ... who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child under the age of twelve years, with or without her consent, shall be guilty of a high misdemeanor.... [Emphasis added.]

The Court held that defendant's age was a factor relating to his capacity to commit the crime, not an ingredient thereof.

The factor distinguishing between statutory offenses for carnal abuse was the age of the victim, not the age of the defendant. *Lefante, supra,* 12 *N.J.* at 513, 97 *A.*2d 472.

Unlike the carnal abuse statute in *Lefante,* the age of the defendant is a distinguishing factor in *N.J.S.A.* 2C:35–6. In *Lefante,* the court noted that the defendant had to be sixteen years old to commit either statutory offense of carnal abuse "so that there was no distinction in punishment depending on his age." *Ibid.* In contrast, the defendant's age can affect the amount of punishment he receives for drug distribution. When the State fails to prove that a defendant is eighteen years old or that he has employed a juvenile in a drug distribution scheme, that defendant is not subject to penalties under *N.J.S.A.* 2C:35–6, but can be convicted under *N.J.S.A.* 2C:35–5. However, if the State proves that defendant is eighteen years old and has hired a juvenile in a drug distribution scheme, then the defendant is subject to greater penalties, as indicated by the mandatory incarceration and non-merger provisions in *N.J.S.A.* 2C:35–6. *See also N.J.S.A.* 2C:43–6(f).

Unlike *N.J.S.A.* 2C:14–5b, which provides that "no actor shall be presumed to be incapable of committing a crime under this chapter because of age," *N.J.S.A.* 2C:35–6 does not eliminate the presumption that defendant has not committed the offense of engaging a juvenile in a drug-related activity unless the State proves his or her age. The Legislature intended that under *N.J.S.A.* 2C:35–6 the defendant's age would not be a defense to the crime of engaging a juvenile in drug-related activity, but rather that the actor's age would be an essential element of that crime.

The State does not dispute that defendant's age is an element of *N.J.S.A.* 2C:35–6. The State's principal contention is that proof of this element was not required because defense counsel did not bring this proof shortfall to the trial judge's attention at the end of the State's case or at any time during trial. We disagree. Defense counsel has no obligation to help

the State prove its case by calling attention to a missing element of a criminal offense. *Cf. Ingram, supra,* 98 *N.J.* at 492–93, 488 *A.*2d 545. As we said earlier, it is the State's burden to prove each element of the crime beyond a reasonable doubt. *N.J.S.A.* 2C:1–13a. Additionally, as we also noted earlier, the jury was instructed, without any objection, that in order to convict defendant of this crime, the State had to prove beyond a reasonable doubt that he was at least eighteen years old.

■ With some words of caution, we reject defendant's contention in Point I asserting that the prosecutor's comments during her opening statement were so improper as to deprive him of a fair trial.

The prosecutor said that defendant was at the location of the drug purchase "to buy narcotics from a particular address that the police had had reports of." This was simply part of her outline of facts that she intended to prove but did not prove at trial. The judge repeatedly instructed the jury that statements of attorneys in openings and summations were not evidence and were not to be considered as evidence. The remark was harmless, obviously not capable of producing an unjust result. *R.* 2:10–2; *State v. Macon,* 57 *N.J.* 325, 337–38, 273 *A.*2d 1 (1971).

■ We are more concerned with the prosecutor's comments toward the end of her opening:

> At the end of the case, after the State has produced its witnesses, defense has also a chance to produce witnesses and the Judge will instruct you as to the law to apply in this case.

This comment is similar to, although not quite as offensive as, a remark in the prosecutor's opening disapproved of by our Supreme Court in *State v. Dent,* 51 *N.J.* 428, 241 *A.*2d 833 (1968):

> Ladies and gentlemen, when I am finished the defendants, if they so desire, will tell you what they have to say, and whatever they say and you hear I too will hear for the first time. [*Id.* at 441, 241 *A.*2d 833.]

Justice Francis strongly cautioned prosecutors against making comments in an opening or closing statement which may adversely affect the accused's Fifth Amendment rights:

> Remarks which skirt the edges of impermissible comment are neither desirable nor worth the risk of reversal of what may well be a thoroughly deserved conviction. [*Id.* at 442, 241 *A.*2d 833.]

After almost twenty-five years, the admonition to avoid such improper comments continues unheeded. Recently, we again cautioned that "[a] prosecutor should not either in subtle or obvious fashion draw attention to a defendant's failure to testify." *State v. Engel,* 249 *N.J.Super.* 336, 382, 592 *A.*2d 572 (App.Div.), *certif. denied,* 130 *N.J.* 393, 614 *A.*2d 616 (1991). Nevertheless, we resist the temptation to reverse as a corrective measure because the evidence of defendant's guilt is so overwhelming. Moreover, nothing in the record suggests that the prosecutor's comments compelled defendant to call the two witnesses who testified on his behalf. The comment was therefore not capable of producing an unjust result. *Macon, supra,* 57 *N.J.* at 337–38, 273 *A.*2d 1. However, we again caution prosecutors to refrain from making such impermissible comments. A closer case could tip the scales in favor of reversal. *See State v. Bowens,* 219 *N.J.Super.* 290, 302, 530 *A.*2d 338 (App.Div.1987).

We also note that the trial judge did not properly handle defense counsel's objection to the prosecutor's legally offensive comment. In denying defendant's mistrial motion, the judge said:

> With respect to whether or not he produces witnesses, he has read a list of potential witnesses, even if he produces none, and he's not required to, I will instruct them at the end of the case about the burden being on the State and that the defense doesn't have to prove their innocence. So I don't see where anything that [the prosecutor] said now creates any problem or in any way contaminates this jury and for these reasons the motion is denied.

The trial judge should have given the jury a curative instruction immediately after the comment was made, or at the latest after he denied defendant's mistrial motion, to reinforce the jury's duty to respect defendant's right not to testify without

negative inferences. *Id.* at 302–03, 530 *A.*2d 338. He was required to handle "the matter forcefully the instant it arose in a manner which made it plain to the jury that the comment was to be eradicated from their minds and not employed by them in any respect." *State v. McLaughlin,* 93 *N.J.Super.* 435, 440–41, 226 *A.*2d 47 (App.Div.1967). *Accord Bowens, supra,* 219 *N.J.Super.* at 302–03, 530 *A.*2d 338. Nevertheless, for the reasons we have already stated, the judge's failure to give this cautionary instruction did not constitute plain error.

▪ Finally, defendant's contention that the trial judge improperly admitted the drug-free school zone map into evidence is clearly without merit. *R.* 2:11–3(e)(2). The map was duly certified by the municipal clerk as a true copy, *Evid.R.* 68(1)(c), and the trial judge accepted the prosecutor's tender of proof that an ordinance had been adopted pursuant to *N.J.S.A.* 2C:35–7 "approving the map as official finding and record of the location and boundaries of the area or areas on or within 1,000 feet of the school property." The record makes it clear that the ordinance was not formally entered in evidence because defense counsel understandably did not require its introduction, doubtless because he was aware of its contents. We emphasize, however, that the ordinance should have been offered into evidence.

The judgment of conviction on Count IV, engaging a juvenile in drug distribution, a violation of *N.J.S.A.* 2C:35–6, is reversed and a judgment of acquittal is entered on that count. In all other respects the judgment of conviction is affirmed.