267 N.J. Super. 158 (1993)
630 A.2d 1183
STATE IN THE INTEREST OF A.N., A JUVENILE.
Superior Court of New Jersey, Chancery Division Family Part Essex County.
Decided May 24, 1993.
*159 Susan Greco, Assistant Prosecutor, for the State.
Michael D. Olds, Deputy Public Defender II, for the juvenile.
KOCH, J.S.C.
This is the trial of A.N., a juvenile standing charged with sexual assault in violation of N.J.S.A. 2C:14-2b, a crime of the second degree if committed by an adult. A.N. was originally charged with criminal sexual contact in violation of N.J.S.A. 2C:14-3, a crime of the fourth degree if committed by an adult. However, the charge was upgraded prior to trial on motion by the State.
N.J.S.A. 2C:14-2b reads:
[a]n actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least 4 years older than the victim.
*160 Pursuant to N.J.S.A. 2C:14-3b and N.J.S.A. 2C:14-2c(1), which pertain to N.J.S.A. 2C:14-2b,[1] an actor has committed a sexual contact if physical force or coercion is used which causes no severe personal injury to the victim.
Finally, pursuant to N.J.S.A. 2C:14-1d, sexual contact is defined as "an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor."
Based upon the statutory mandates, the State must prove the following beyond a reasonable doubt in order to obtain a finding of guilt: 1) the defendant is at least four years older than the victim, who was less than 13 at the time of the alleged sexual assault; and 2) that a sexual contact has occurred through the use of physical force or coercion which caused no severe personal injury to the victim.
As will be outlined below, this case presents a question of novel impression in this State. The question is as follows: when may evidence of physical appearance alone be sufficient to satisfy the State's burden of proof as to age when age is an element of the crime charged?
*161 At trial, the State presented two witnesses, R.W., Sr. ("Senior") and R.W., Jr. ("Junior"). Senior testified that on September 28, 1991, he was sitting in the living room of his two family house when he heard shuffling noises in the hallway. Senior opened the living room door to check out the noise. He had direct vision from his living room, through the hallway and into the front vestibule. In the vestibule he saw A.N. on top of his son. His son was lying on his back with his pants down. A.N. was face down on top of Junior. A.N.'s naked buttocks were exposed.
Senior rushed to the vestibule, and A.N. jumped into his grasp. Senior shoved A.N. into the corner of the vestibule and held him there while he unlocked the front door. A.N. struggled to pull his pants up while Junior remained in the vestibule crying. Upon opening the door, Senior pushed A.N., whom he identified in open court, outside. This completed Senior's testimony.
Junior testified that he is now 9 1/2 years old. He further testified that on September 28, 1991, he was playing in the street with A.N. whom he had known for some time since they live next door to each other. While playing, A.N. told Junior to follow him to Junior's porch. Junior unlocked the porch door for A.N. Upon entering, A.N. told Junior to pull down his pants. Because he was scared of A.N., Junior complied. A.N. likewise removed his pants and underwear.
After their pants were down, A.N., who was nude from the waist down, rubbed on top of Junior while laying on top of the alleged victim. A.N. hurt Junior's stomach while on top. Junior told A.N. to get off because of this pain to his stomach. At that time, Senior arrived on the scene and removed A.N. from the vestibule. The State then rested.
Following the State's case, A.N. moved for a judgment of acquittal under the theory that the State had not proved the age differential beyond a reasonable doubt. The motion was denied based upon the proof of Junior's age and the physical appearance of the parties. The court found that A.N. was quite obviously much in excess of four years older than the alleged victim based *162 upon their physical appearances. Further, prior to the inception of trial, defense counsel initiated a colloquy in which he mentioned that the court should be aware of the defendant's birthdate. The court's response to this was "Okay, so he is now 18 years old, the [defendant] was 18 on January 20, 1993."
When entertaining a motion for judgment of acquittal, the court must view the entirety of the State's evidence, be it direct or circumstantial, "and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, [determine whether] a reasonable jury could find guilt of the charge beyond a reasonable doubt." State v. Reyes, 50 N.J. 454, 459, 236 A.2d 385 (1967); State v. Watson, 224 N.J. Super. 354, 361, 540 A.2d 875 (App.Div. 1988). "[T]he State's right to the benefit of reasonable inference cannot be used to reduce the State's burden of establishing the elements of the offense charged beyond a reasonable doubt." State v. Martinez, 97 N.J. 567, 572, 483 A.2d 117 (1984). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Ibid. (quoting Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573, reh. den., 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979)).
In this case, the physical appearances of both the defendant and his alleged victim were before the court for consideration. Senior identified A.N. as being the culprit in open court. Thus, his physical appearance was part of the evidence. A.N. is a tall, lanky young man who looks very mature. Further, by calling Junior to testify, his physical appearance was also in evidence. He appeared to be every bit the pre-adolescent nine year old that he is. He is short and full of baby fat, which is characteristic of scores of little boys below the age of 13. Consequently, a rational fact finder could easily be satisfied that the State proved the age requirement beyond a reasonable doubt based upon this physical evidence.
*163 In denying the motion for acquittal, the court drew further strength from State v. Lefante, 12 N.J. 505, 97 A.2d 472 (1953), and State v. Collins, 262 N.J. Super. 230, 620 A.2d 1051 (App.Div. 1993), which provide support for the proposition that age may be proved by physical appearance. In Lefante, our Supreme Court concluded that a jury may determine a defendant's age merely by looking at him. However, age was not an element of the crime in Lefante but was merely "a factor going to [the defendant's] capacity in law to commit the crime [with which he was charged]." State v. Lefante, supra 12 N.J. at 513, 97 A.2d 472. To the contrary, Collins involved a crime in which age was an element. The Appellate Division reversed the conviction where there was "nothing in the record to indicate [the] defendant's physical appearance." State v. Collins, supra 262 N.J. Super. at 236, 620 A.2d 1051. However, the court noted that "[t]here will, of course, be occasions when defendant's physical appearance will permit the jury to determine beyond a reasonable doubt that defendant's age is the required age set forth in the statute." Ibid. In such instances, "the State should request that the jury be instructed to consider the defendant's appearance in determining whether defendant's age is established beyond a reasonable doubt." Ibid.
Collins left unanswered the question of what constitutes a proper occasion to use physical appearance to prove age. An inspection of cases arising in other jurisdictions which have grappled with this question proves most informative. There are generally three schools of thought on the use of physical appearance as proof, and there are also jurisdictions like New Jersey which have left this question open. See People v. Montalvo, 4 Cal.3d 328, 93 Cal. Rptr. 581, 482 P.2d 205 (Ca. 1971).
The first group of jurisdictions either hold or indicate that physical appearance alone, if brought to the fact finder's attention, will be enough to prove the defendant's age beyond a reasonable doubt. See Weaver v. State, 568 So.2d 309, 311-12 (Ala.Cr.App. 1989); State v. Zihlavsky, 505 So.2d 761, 764-65 (La. App. 2 Cir.1987); State v. Thompson, 365 N.W.2d 40, 42-3 (Iowa App. *164 1985); Commonwealth v. Jones, 314 Pa.Super. 497, 461 A.2d 267, 268-69 (1983); Rich v. State, 266 P.2d 476, 478 (Okl.Crim.App. 1954).
A second group of jurisdictions would require some other evidence besides physical appearance to prove age. See State v. Richey, 171 W. Va. 342, 298 S.E.2d 879, 888 (1982); State v. Lauritsen, 199 Neb. 816, 261 N.W.2d 755, 758 (1978); Torres v. State, 521 P.2d 386, 388 (Alaska 1974); Commonwealth v. Pittman, 25 Mass. App. Ct. 25, 514 N.E.2d 857, 859 (1987); People v. D'Angelo, 30 Ill. App.3d 86, 333 N.E.2d 525, 528-29 (1975); Brooks v. State, 435 S.W.2d 523, 524 (Tex.Cr. 1968). "The apparent purpose for requiring additional proof of the accused's age is ... merely to provide the reviewing court some basis for examining the jury's finding as to the defendant's age. Where there is any evidence tending to support that finding, the judgment will be upheld." Barnett v. State, 488 So.2d 24, 25 n. 1 (Ala.Cr.App. 1986).
The third approach is the product of harmonizing the above two options. It is described as follows in Jewell v. Commonwealth, 8 Va. App. 353, 382 S.E.2d 259 (1989):
When considered together these authorities provide an integrated rule: when proof is required that a person is above or below a given age, physical appearance may be considered as proof of that fact. If a criminal defendant's physical appearance indicates an age well above that required to be proven and the trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds the age required to be proven, then the defendant's physical appearance alone is sufficient evidence of his age, and the fact finder may resolve that issue based only on the defendant's physical appearance. However, in less obvious cases, where the defendant's physical appearance does not establish beyond a reasonable doubt that his age exceeds that required, then physical appearance alone is insufficient evidence of his age and must be corroborated.
[Id. 8 Va. App. at 355-357, 382 S.E.2d at 261-62].
This court adopts the Jewell approach in reaching its decision. It is a common sense method of determining this question, and it forces the trial judge faced with this situation in a motion for Judgment of Acquittal to frame the issue in a manner consistent with State v. Martinez, supra 97 N.J. at 567, 483 A.2d 117. The question becomes "whether any rational trier of fact would be able *165 to find physical appearance alone to prove age beyond a reasonable doubt." If not, then other circumstantial evidence must be required.
Further, adoption of the Jewell approach is neither too lenient toward the prosecution nor too harsh an obstacle so as to unduly interfere with the interests of justice. To require some piece of evidence other than physical appearance, no matter how inane, may well prevent the prosecution of a defendant who, based upon appearance, is well above a required age limit. However, the Jewell approach does not relieve prosecutors of proving their case since physical appearance alone will not automatically satisfy a trial court beyond a reasonable doubt.
In the present case, the obvious physical fact that A.N. is much more than four years older than the alleged victim is sufficient to overcome the defense motion for judgment of acquittal. A rational trier of fact can easily make this determination based upon physical appearance alone.
Further, the court finds unpersuasive defendant's assertion that the nineteen months since the alleged incident makes it impossible to use physical appearance as a guide for determining age. The nineteen month span between the alleged incident and the trial is one of the factors which the court considered. It is a factor which goes to the weight and not the admissibility of the evidence. As such the State was entitled to the reasonable and legitimate inference that as fact finder the court could determine that the nineteen month gap did not suddenly cause A.N. to look much older than Junior.
Finally, with regard to A.N.'s position that the court could not take judicial notice of his age based upon the pre-trial colloquy, the court wholeheartedly agrees. Although there was a discussion of judicial notice during argument for the motion, any impression given that the motion was denied based upon judicial notice is mistaken. If any such indication was made, the court hereby reverses itself as it intended then, as it does now, to make the *166 ruling on the motion for judgment of acquittal on the appearances of the alleged victim and the defendant, as well as evidence of the alleged victim's age.
Following the denial of the motion to acquit, A.N. testified on his own behalf. He claimed that Junior was playing in the defendant's yard. A.N. then told him to leave. After this, A.N. claimed that Junior gestured from his porch for the defendant to come in. A.N. came to the porch steps but did not enter the vestibule, according to the testimony. At that point, alleged A.N., Junior pulled down his own pants and asked the defendant to pull down his overalls, which A.N. refused to do. Rather, A.N. claims that he loudly admonished Junior to pull up his pants, which caused Senior to come out of the apartment and push A.N. into the street.
The defendant further testified that he was born on January 20, 1975, making him sixteen at the time of the offense. He also claimed that Senior and Junior both lied on the stand because they have a vendetta against him. He explained this by claiming that nobody on the block likes him because they are jealous of his clothes.
Based upon all of the testimony, the court finds the following facts: 1) the testimony of both Senior and Junior was entirely credible. Not only were their stories corroborative, but there is no reason why they would lie about this matter; 2) the testimony of A.N. lacks credibility altogether. His story makes no sense in light of the allegations levied against him; 3) since the State's witnesses are credible, the court accepts their version of the facts to be true for purposes of this determination; 4) the court finds that A.N. coerced the scared Junior into removing his pants; 5) the court finds that A.N.'s actions caused him to commit a sexual contact by intentionally touching Junior with his intimate parts for the purpose of his own sexual gratification; 6) the court finds that based upon the testimony of the witnesses and based upon the physical appearance of the witnesses, the defendant is more than four years older than the victim who was and still is below the age *167 of 13; 7) the court finds that the victim suffered no severe injury from this sexual assault.
All of the elements have been established beyond a reasonable doubt. Thus, the State has proved the defendant to be guilty of sexual assault, in violation of N.J.S.A. 2C:14-2b, a crime of the second degree if committed by an adult.
NOTES
[1] N.J.S.A. 2C:14-3b reads:

An actor is guilty of criminal sexual contact if he commits an act of sexual contact with the victim under any of the circumstances set forth in section 2C:14-2c(1) through (5).
N.J.S.A. 2C:14-2c reads, in pertinent part:
An actor is guilty of sexual assault if he commits an act of sexual penetration with another person under any of the following circumstances: (1) The actor uses physical force or coercion, but the victim does not sustain severe personal injury.
When reading these statutes in concert, it is clear that the Legislature intended that the sexual assault portion of N.J.S.A. 2C:14-2c not to apply to N.J.S.A. 2C:14-3b. Rather, the Legislature intended to attach sections (1) through (5) of N.J.S.A. 2C:14-2c to N.J.S.A. 2C:14-3b by reference. Any other reading of the statutes would make no sense as it would require a sexual assault to occur in order to prove the occurrence of a sexual contact, which is a lesser offense.