NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2501-15T2
STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOHNSLER ERTILIEN,

 Defendant-Appellant.

__________________________

 Submitted June 6, 2017 – Decided June 27, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 14-08-1962.

 Michael I. Okechuku, attorney for appellant.

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Kayla
 Elizabeth Rowe, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 Defendant Johnsler Ertilien appeals from his conviction for

second-degree conspiracy to commit robbery, N.J.S.A. 2C:15-1 and

N.J.S.A. 2C:5-2, first-degree employing a juvenile in the
commission of a crime, N.J.S.A. 2C:24-9, and the disorderly persons

offense of knowingly receiving stolen property, N.J.S.A. 2C:20-

7(a). He was sentenced to six years in prison subject to the No

Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for conspiracy to

commit robbery, a concurrent term of eleven years in prison for

employing a juvenile, and a concurrent term of two months for the

disorderly persons offense.1

 On this appeal, defendant raises the following arguments:

 POINT I. THE COURT SHOULD HAVE ENTERED A
 JUDGMENT OF ACQUITTAL AT THE END OF
 THE STATE'S CASE; ALTERNATIVELY,
 THE COURT SHOULD HAVE FOUND
 DEFENDANT NOT GUILTY AT THE END OF
 THE ENTIRE CASE AS THE STATE FAILED
 TO PROVE THAT DEFENDANT COMMITTED
 THE ACTS OF CONSPIRACY TO COMMIT
 ROBBERY, EMPLOYING A JUVENILE TO
 COMMIT ROBBERY AND RECEIVING STOLEN
 PROPERTY (Raised below)

 A. DEFENDANT WAS ENTITLED TO A JUDGMENT
 OF ACQUITTAL AT THE END OF THE
 STATE'S CASE, AS THE EVIDENCE TO
 SUPPORT A CONVICTION WAS SO SCANTY
 AND UNRELIABLE AS TO VIOLATE
 DEFENDANT’S DUE PROCESS.

 B. THE STATE WAS REQUIRED TO ESTABLISH
 EVIDENCE DEMONSTRATING ALL THE
 ELEMENTS OF CONSPIRACY TO COMMIT
 ROBBERY IN ORDER TO SURVIVE

1
 The concurrent two month sentence, imposed on the record at the
sentencing hearing, was not memorialized in the JOC, perhaps
because defendant had already served more than two months in jail
pre-trial.

 2 A-2501-15T2
 DEFENDANT’S MOTION FOR ACQUITTAL ON
 THAT COUNT.

 C. THE STATE WAS REQUIRED TO ESTABLISH
 EVIDENCE DEMONSTRATING ALL THE
 ELEMENTS OF EMPLOYING A JUVENILE TO
 COMMIT ROBBERY IN ORDER TO SURVIVE
 DEFENDANT’S MOTION FOR ACQUITTAL ON
 THAT COUNT.

 D. THE STATE WAS REQUIRED TO ESTABLISH
 BEYOND A REASONABLE DOUBT EVIDENCE
 DEMONSTRATING ALL THE ELEMENTS OF
 RECEIVING STOLEN PROPERTY IN ORDER
 TO SURVIVE DEFENDANT’S MOTION FOR
 ACQUITTAL ON THAT COUNT.

 E. UPON DETERMINING THAT THE EVIDENCE
 WAS INSUFFICIENT TO WARRANT A
 CONVICTION, DEFENDANT SHOULD BE
 ACQUITTED OF ALL CHARGES.

POINT II. DEFENDANT’S REJECTION OF A PLEA
 OFFER OF A “GUILTY PLEA WITH A
 MAXIMUM TERM OF THREE YEARS WITH 85
 PERCENT PAROLE INELIGIBILITY” IS
 INADEQUATE TO INFORM DEFENDANT OF
 THE CHARGES OFFERED AND CONSTITUTES
 AN ABDICATION OF THE COURT’S
 ULTIMATE SENTENCING AUTHORITY UNDER
 N.J.S.A. 2C:43-6 and 2C:44-1
 (Partially Raised below)

 A. A PLEA OFFER OF A SECOND DEGREE
 CHARGE THAT WAS COUCHED AS AN OFFER
 OF A THIRD DEGREE CHARGE IS
 CONFUSING AND INADEQUATE TO APPRISE
 THE DEFENDANT OF THE PLEA OFFER THAT
 WAS MADE.

 B. THE PLEA OFFER IS [A] SUBTERFUGE FOR
 THE IMPOSITION OF [A] PAROLE
 INELIGIBILITY PERIOD FOR A CHARGE
 THAT IS NEITHER A FIRST DEGREE
 OFFENSE NOR A SECOND DEGREE OFFENSE,

 3 A-2501-15T2
 IN VIOLATION OF N.J.S.A. 2C:43-
 7.2(a).

 C. THE TRIAL COURT’S WHOLESALE
 ADOPTION OF THE PROSECUTOR’S PLEA
 OFFER THAT IMPOSES A MANDATORY
 MINIMUM TERM CONSTITUTES AN
 ABDICATION OF THE COURT’S INHERENT
 DISCRETIONARY SENTENCING POWERS AND
 AMOUNTS TO AN ABUSE OF JUDICIAL
 DISCRETION.

 D. THE PLEA OFFER RENDERED INEFFECTIVE
 ANY ADVICE TO THE DEFENDANT OF THE
 IMMIGRATION CONSEQUENCES OF SUCH A
 PLEA, WHERE DEFENDANT WAS ENTITLED
 TO A PRESUMPTION AGAINST
 INCARCERATION AS A FIRST TIME
 OFFENDER UNDER N.J.S.A. 2C:44-1, AS
 TO MAKE ITS REJECTION INVOLUNTARY.

POINT III. THE TRIAL COURT ERRED IN FINDING
 [THE] SECOND DEGREE CONSPIRACY
 VERDICT AS A BASIS FOR GRADING COUNT
 3, EMPLOYING A JUVENILE IN
 COMMISSION OF A CRIME, AS A FIRST-
 DEGREE OFFENSE, PURSUANT TO
 N.J.S.A. 2C:24-9(d), AND IN
 IMPOSING THE NERA PAROLE
 DISQUALIFIER, PURSUANT TO N.J.S.A.
 2C:43-7 (Partially Raised below).

 A. THE COURT'S DETERMINATION THAT THE
 SECOND DEGREE CONSPIRACY VERDICT
 WAS AN UNDERLYING OFFENSE FOR
 GRADATION TO A FIRST DEGREE OFFENSE
 UNDER N.J.S.A. 2C:24-9(b) WAS
 ARBITRARY AND NOT SUPPORTED BY THE
 RECORD.

 B. WHERE THE SECOND DEGREE CONSPIRACY
 VERDICT DID NOT SPECIFY WHETHER
 DEFENDANT INFLICTED SERIOUS BODILY
 INJURY, THE TRIAL COURT ERRED BY
 IMPOSING THE NERA PAROLE

 4 A-2501-15T2
 DISQUALIFIER, PURSUANT TO N.J.S.A.
 2C:43-7.2(c).

 C. DEFENDANT’S SENTENCE IS MANIFESTLY
 EXCESSIVE AND UNDULY PUNITIVE.

 POINT IV. UNDER THE FACTS OF THIS CASE, THE
 "SHOW-UP" PROCEDURE BY WHICH THE
 VICTIM IDENTIFIED THE DEFENDANT AS
 ONE OF HIS ATTACKERS IN THIS CASE
 WAS IMPERMISSIBLY SUGGESTIVE, AS TO
 VIOLATE DEFENDANT’S CONSTITUTIONAL
 RIGHTS TO CONFRONTATION AND DUE
 PROCESS. (Not raised Below).

 Because the State failed to introduce evidence of the alleged

"juvenile" accomplice's age, we reverse defendant's conviction for

employing a juvenile in the commission of a crime, and we vacate

the eleven-year sentence imposed for that conviction. We affirm

the robbery conspiracy conviction and the six-year NERA term

imposed for that conviction, as well as the conviction and sentence

on the disorderly persons offense. We remand this matter to the

trial court for the limited purpose of entering an amended judgment

of conviction (JOC) consistent with this opinion.

 I

 For purposes of the appellate issues raised, the trial

evidence can be summarized as follows. According to the victim,

two assailants, one short and one tall, attacked him from behind,

and knocked him down. The victim testified that the shorter

 5 A-2501-15T2
individual punched and kicked him, and then took his wallet and

cell phone.

 The robbers fled the scene but were detained a few blocks

away, after two police officers, patrolling in their vehicle,

spotted them running across a busy street in the middle of traffic.

The officers stopped the two individuals to warn them that their

irresponsible jaywalking had nearly gotten them killed. After

getting out of their patrol car, the officers saw one of them,

later identified as defendant, place an object under the patrol

car. An officer retrieved the object, saw it was a cell phone,

and placed it on the trunk of the car.

 Moments later, the victim, who had run after the robbers,

appeared on the scene and spontaneously exclaimed to the police

that the two people standing near their patrol car had just stolen

his cell phone and wallet. The victim told the police that he was

certain those two were the robbers. After asking the victim for

his cell phone number, one of the officers called that number from

his own cell phone, and the cell phone previously placed on the

car trunk began ringing. Defendant, the taller of the two

suspects, was arrested along with the shorter subject. On being

searched, the shorter individual was found to have several cell

phones in his pockets.

 6 A-2501-15T2
 Based on that evidence, the jury acquitted defendant of

robbery, but convicted him of the other charges previously noted.

 II

 After reviewing the record, we agree that the State failed

to present evidence to establish that the shorter individual

involved in the robbery was, in fact, a "juvenile." The pertinent

statute provides that "any person who is at least 18 years of age

who knowingly uses, solicits, directs, hires, employs or conspires

with a person who is in fact 17 years of age or younger to commit

a criminal offense is guilty of a crime." N.J.S.A. 2C:24-9

(emphasis added). Thus, the individual's age is an element of the

crime, which the State must prove. See State v. Lassiter, 348

N.J. Super. 152, 160-161 (App. Div. 2002) (where a participant's

age is an element of an offense, the State must prove that

element); State v. Collins, 262 N.J. Super. 230, 235 (App. Div.

1993) ("[W]ithout proof that the person whom the actor engaged in

the criminal offense [of employing a juvenile in distributing

drugs] is seventeen years old or younger, there is no violation

of this statute.").

 In this case, the State did not introduce the individual's

birth certificate, or any other legally competent evidence from

which the jury could conclude that he was under the age of

eighteen. As the trial judge and both attorneys acknowledged, a

 7 A-2501-15T2
police officer's testimony referring to that individual as "the

juvenile" was insufficient to meet the State's proof burden. In

fact, the prosecutor candidly admitted that the lack of proof was

an oversight, and defense counsel understandably refused the

prosecutor's belated request that he stipulate to the individual's

age. Because there was no evidence to support a material element

of the charge, the conviction on that count was a clear miscarriage

of justice and must be reversed. R. 2:10-1; Lassiter, supra, 348

N.J. Super. at 160-61.

 III

 To the extent that defendant's arguments concerning his

rejection of a pre-trial plea offer, or concerning the lack of a

Wade2 hearing, raise claims of ineffective assistance of counsel,

we decline to consider such issues without prejudice to his right

to file a petition for post-conviction relief. State v. Preciose,

129 N.J. 451, 460 (1992); State v. Sparano, 249 N.J. Super. 411,

419 (App. Div. 1991).

 Defendant's remaining arguments are without sufficient merit

to warrant discussion beyond the following brief comments. R.

2:11-3(e)(2).

2
 United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed.
2d 1149 (1967).

 8 A-2501-15T2
 Viewing the State's evidence in light of the applicable legal

standard, State v. Reyes, 50 N.J. 454, 459 (1967), the trial court

properly denied defendant's motion for a directed verdict of

acquittal on the charges of conspiracy to commit robbery and

receiving stolen goods. Defendant did not move for a new trial,

but even if we consider his arguments, the verdict as to those two

offenses was not against the weight of the evidence. See R. 2:10-

1.

 Contrary to defendant's identification argument, raised for

the first time on appeal, there was no "show-up" identification

procedure in this case. In fact, the police did not initiate any

identification procedures at all, because as soon as the victim

arrived, he immediately and spontaneously pointed out defendant

and his companion as the robbers. Consequently, we find no plain

error. R. 2:10-2. Defendant's remaining identification arguments

go to the weight of the evidence. There was sufficient evidence

of defendant's identity to submit the issue to the jury. Reyes,

supra, 50 N.J. at 459.

 Contrary to defendant's sentencing argument, NERA applies to

a conviction for "conspiracy to commit" any of the listed crimes,

including robbery. N.J.S.A. 2C:43-7.2(d), -7.2(d)(9).

 In summary, we reverse the conviction for employing a juvenile

to commit a crime and vacate the sentence imposed on that

 9 A-2501-15T2
conviction. We affirm the remaining convictions and sentences

imposed. We remand for the limited purpose of entering an amended

JOC consistent with this opinion.

 Affirmed in part, reversed in part, and remanded solely to

amend the JOC. We do not retain jurisdiction.

 10 A-2501-15T2