Salem

JAMES WILLIAM JEWELL

v.

COMMONWEALTH OF VIRGINIA

No. 0854-87-3

Decided July 11, 1989

354

COUNSEL

Malcolm G. Crawford, for appellant.

Richard A. Conway, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal, the defendant, convicted of proposing a sexual act to a minor in violation of Code § 18.2-370, contends that the Commonwealth failed to prove that he was over the age of eighteen. We conclude that the defendant's physical appearance was sufficient evidence that he was over eighteen years of age. However, since the trial court did not rely on the defendant's physical appearance but instead relied on documents which were not evidence, we must reverse and remand the proceeding for a new trial. The defendant also argues that the evidence was insufficient to prove he wrote the letter which was the basis for his indictment and that the Commonwealth failed to establish his knowledge of the girl's age. We disagree with both of these arguments.

While the defendant was an inmate at the Augusta County Jail, a twelve year old girl received a letter proposing sexual acts to her, in violation of Code § 18.2-370. The letter had the defendant's return address.

At trial, the defendant moved to strike the Commonwealth's evidence because the Commonwealth failed to introduce evidence that the defendant was over eighteen. The trial court denied the motion, and the defendant offered no evidence but again contended in his closing argument that the Commonwealth had failed

to prove that he was over eighteen.[1] The trial judge responded, saying: "[T]he court . . . has several senses it can use, including that of sight. And this man looks like he's well beyond that." He then added, however, that he was "not relying on that."

Instead, the trial judge relied on the official documents in the court's file which, he said, had been "worked up in this court and also in the district court where he had a preliminary hearing." These documents included a fingerprint form containing the defendant's signature and a birth date of "8/15/41" and a uniform summons containing the same birth date. While apparently not relying on it, the trial judge also referred to a statement by the defendant that he was forty-five years of age. The defendant made this statement during the court's pretrial examination of him prior to accepting the defendant's plea. Neither the documents in the court's file nor the defendant's pretrial statement were offered or received into evidence. Thus, the only admitted evidence of the defendant's age which the trial court could have considered was his physical appearance.

█ It is generally recognized that a defendant's physical appearance may be considered by a jury in determining his or her age. *Nebraska v. Lauritsen*, 199 Neb. 816, ___, 261 N.W.2d 755, 757 (1978); *see also State v. Richey*, ___ W.Va. ___, ___, 298 S.E.2d 879, 888 (1982). Some courts, however, require other evidence of the defendant's age in addition to his appearance, *see, e.g., Nebraska v. Lauritsen*, 199 Neb. at ___, 261 N.W.2d at 757, when "the record does not reflect that the person whose age must be proved falls into a marked extreme." *Commonwealth v. Pittman*, 25 Mass. App. 25, ___, 514 N.E.2d 857, 859 (1987).

---

[1] The defendant's motions to strike were sufficient statements of the defendant's objection and the grounds for the objection. Rule 5A:18; *see also Head v. Commonwealth*, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986). It would have been improper for the trial court to take judicial notice, as suggested in the dissent, of the defendant's age. *See Keesee v. Commonwealth*, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975); *Sutherland v. Commonwealth*, 6 Va. App. 378, 383, 368 S.E.2d 295, 297 (1988). It would have been improper for the trial court to have taken judicial notice of the defendant's age for the first time when it announced its decision and the parties had no opportunity to object or refute the facts judicially noticed. *See State Farm Mutual Auto. Ins. Co. v. Powell*, 227 Va. 492, 497-98, 318 S.E.2d 393, 395 (1984).

Wigmore does not qualify the rule by requiring corroborating evidence of age in addition to physical appearance:

> Experience teaches us that corporal appearances are approximately an index of the *age* of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be worth.

2 Wigmore, *Evidence* § 222 (Chadbourn rev. 1970); *see also Wigmore, supra* at § 1154. In a related context Wigmore repudiates the suggestion that a fact finder's view should be "excluded as a method of proof because it is impossible to transmit to the higher court of appeal." *Id.* at § 1168. He points out that in a like manner a "witness' countenance, tone of voice, mode and manner of expression, and general demeanor on the stand" are also not transmittable on appeal. *Id.*

When considered together these authorities provide an integrated rule: when proof is required that a person is above or below a given age, physical appearance may be considered as proof of that fact. If a criminal defendant's physical appearance indicates an age well above that required to be proven and the trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds the age required to be proven, then the defendant's physical appearance alone is sufficient evidence of his age, and the fact finder may resolve that issue based only on the defendant's physical appearance. However, in less obvious cases, where the defendant's physical appearance does not establish beyond a reasonable doubt that his age exceeds that required, then physical appearance alone is insufficient evidence of his age and must be corroborated.

The physical appearance of the defendant in this case, according to the comments of the trial judge, was sufficient as a matter of law to determine that the defendant was over eighteen years old. The trial court did not err, therefore, in denying the defendant's motion to strike the evidence.

However, the trial court did not rely on the defendant's physical appearance for that determination but relied instead on documents not admitted into evidence. We cannot say that this was

harmless error. Although the trial judge found that the defendant's physical appearance was sufficient as a matter of law to present a factual issue, as the finder of fact he relied on matters not in evidence. We cannot conclude from this record that the trial judge would have found beyond a reasonable doubt that the defendant's physical appearance sufficiently proved the age requirement. Consequently, we must reverse the conviction; however, because of the trial judge's statement on the record that the defendant's appearance was sufficient proof of age, we remand the proceedings for a new trial.

■ Next, we address the defendant's assertion that the Commonwealth failed to prove sufficiently that he was the one who wrote the letter violating Code § 18.2-370. The letter came in an envelope with the defendant's return address on it. Moreover, one of the comments in the letter was directly responsive to a statement made in the girl's earlier letter to the defendant. We recognize that "it is not enough that the writing on its face purports to be from the sender." *Harlow v. Commonwealth*, 204 Va. 385, 389, 131 S.E.2d 293, 296 (1963). However, the circumstantial evidence showing both the defendant's return address and the responsiveness of the defendant's letter to contents of the girl's letter sufficiently establishes that the defendant sent the letter to the girl. *See Duncan v. Commonwealth*, 2 Va. App. 717, 727, 347 S.E.2d 539, 544-45 (1986).

Whether the Commonwealth established the defendant's knowledge of the girl's age is not an issue which requires resolution on the merits. The record reveals that the defendant failed to raise this issue at trial. Therefore, since no good cause has been shown for addressing the merits, and since it is not necessary to do so to enable us to attain the ends of justice, this issue cannot now be considered as a basis for reversal. Rule 5A:18; *see Mounce v. Commonwealth*, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987).

For these reasons, we reverse the defendant's conviction and remand the proceeding for a new trial.

*Reversed and remanded.*

Koontz, C.J., concurred.

Moon, J., dissenting.

I dissent from the majority's conclusion that the case should be reversed. The defense moved to strike the evidence because the Commonwealth did not introduce affirmative proof of Jewell's age. In response to the motion, the court commented that Jewell looked well over eighteen and that based upon documents in the file Jewell's birthdate was August 15, 1941. As I view what happened, the court in effect reopened the case and took judicial notice of evidence tending to prove appellant's age. Therefore, the issue is not whether the evidence was sufficient but rather should be whether the court could reopen the case and take notice of the facts that it did. However, to this action there was no objection. I believe appellant should have objected to the court's action and stated his reason therefor with specificity at the trial level as required by Rule 5A:18. Had he done so, the trial court might have sustained the objection and granted the motion to strike. *See, e.g.,* C. Friend, *The Law of Evidence in Virginia* § 284 (3d ed. 1988). On the other hand, the court could have reopened the case and called for evidence of Jewell's age. Reopening the evidence would be proper and within the discretion of the trial court:

> When all the testimony in the trial of a case has been concluded and the witnesses for the respective parties have been excused from their attendance upon court, whether the court will allow the introduction of other testimony is a question addressed to the sound discretion of the trial judge, "and unless it affirmatively appears that this discretion has been abused, this court will not disturb the trial court's ruling thereon."

*Williams v. Commonwealth*, 4 Va. App. 53, 77, 354 S.E.2d 79, 92 (1987) (quoting *Mundy v. Commonwealth*, 161 Va. 1049, 1065, 171 S.E.2d 691, 696 (1933)).

Because there was no objection to the court's action, I would affirm the judgment. *Id.*