## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

    v.

Timothy O'Neal Smith

August 7, 1992

Case Nos. 92-CRC-191, 92-CRC-223, and 92-CRC-224

BY JUDGE WILLIAM H. LEDBETTER, JR.

Timothy O'Neal Smith has been indicted on two charges of aggravated sexual battery (Virginia Code § 18.2–67.3) and one charge of distributing or displaying sexually explicit material to a child (Virginia Code § 18.2–374.1(B)(4)). (A second charge of violating § 18.2–374.1(B)(4) has been nol prossed.) Trial is set for August 18, 1992, with a jury.

On August 4, 1992, the court heard pretrial motions filed by Mr. Smith. This opinion letter addresses those pretrial matters.

### Displaying or Distributing Sexually Explicit Material

This indictment alleges that on or about April 15 - May 15, 1992, Mr. Smith distributed or displayed, with lascivious intent, sexually explicit visual material to a child under 13 years old. The recipient of the material is named in the indictment.

The material that Mr. Smith allegedly displayed to the child has been lost or destroyed. Nonetheless, the Commonwealth proposes to pursue the prosecution of this charge by use of the child's testimony, which would describe the material, and by reference to other material of a "similar" nature. The Commonwealth intends to offer the other material as evidence after the child identifies it as the same type of material displayed to him by Mr. Smith. Learning of this during discovery, Mr. Smith argues that the Commonwealth cannot attempt to establish his guilt in that fashion.

Assuming that the child is competent to testify (the Commonwealth represents that he is now 13 years old), there would appear to be no reason why he could not describe for the jury the content of the materials allegedly displayed to him by Mr. Smith. For instance, he could tell the jury, if he recalled, the name of the magazines or pamphlets; he could explain what parts of the human body were exposed in the photographs; and he could describe the acts, if any, being performed by the persons in the photographs.

Introduction of material that may be "similar" to the material the child says was actually displayed to him by Mr. Smith is a different matter. Obscene material comes in an endless variety of forms. The statute under which Mr. Smith is charged requires that the material be "sexually explicit." "Sexually explicit" is a defined term. It does not embrace every sort of material that someone may consider pornographic or obscene. Virginia Code § 18.2–374.1(A). For that reason, it would be quite perilous to permit the Commonwealth to show a 12-year-old or 13-year-old child magazines containing photographs, ask him whether that material is the same sort of material that Mr. Smith showed him in the spring of 1991, and then offer that "same sort" or "similar" material in evidence for the purpose of proving that the material actually displayed to the child by Mr. Smith was "sexually explicit."

In some circumstances, evidence of the existence of a condition or occurrence at one time can be used to prove that the condition or occurrence existed at another time. *See* Friend, The Law of Evidence in Virginia (3rd Ed., 1988) pp. 386–388. Adapting that evidentiary rule to the facts of this case would be inappropriate. Nothing is known about the material allegedly displayed by Mr. Smith other than the child's apparent ability to describe the photographs contained in that material and his willingness to testify, if asked, that the material is "similar" to the material that the Commonwealth intends to show him in the courtroom.

For those reasons, the court is of the opinion that "similar" materials will not be admissible for the purpose of proving that the materials actually displayed by Mr. Smith to the child were "sexually explicit" in the trial of this charge against Mr. Smith.

Next, Mr. Smith points out that the statute requires that the material utilize or have as a subject a person less than 18 years old. Because the material itself is unavailable, the Commonwealth proposes

to prove this element through the child's testimony. The Commonwealth's attorney would accomplish this, of course, by asking the child the age of the persons shown in the photographs that he saw.

Lay opinion as to a person's age has been held inadmissible in Virginia. However, the 1884 case that expressed that ruling is contrary to the weight of authority. In his treatise on Virginia evidence, Professor Friend opines that the decision may not be followed today. He quotes Wigmore for the proposition that such evidence should be accepted and weighed for what it is worth, because physical appearances are an approximate index of the age of their bearer. *See* Friend, *supra*, § 210. (In any event, the finder of fact *is* permitted to form a conclusion as to age based upon a view of the person's appearance. *See, Jewell v. Commonwealth*, 8 Va. App. 353 (1989). Therefore, if the subject material were available in this case, and otherwise admissible, the jury would be permitted to decide for itself whether the persons in the photograph were under 18 years of age.)

Mr. Smith requested that the court review *in camera* the material that the Commonwealth proposed to introduce in evidence "similar" to that which Mr. Smith allegedly displayed to the child. The Commonwealth concurred in the request. The court has viewed the material. It was seized from Mr. Smith's home pursuant to a search warrant issued in connection with this charge. The material consists of issues of *Joy Boy*, a magazine of foreign origin. The issues were published in 1982 and 1983. They contain revolting photographs depicting nude males in a variety of poses, positions and situations. In some, the persons in the photographs are engaged in sex acts ranging from masturbation to oral and anal sodomy. The centerpiece of practically every photograph is the genitalia of the persons depicted.

Returning to Mr. Smith's argument that the Commonwealth must prove that the males in these photographs are under 18 years old, it is obvious from an *in camera* view of these materials that even if they are "similar" to the materials allegedly displayed to the child by Mr. Smith, it is highly unlikely that the child would be able to testify, with even a modicum of credibility, that the nudes in the photographs are under 18 years old. All of the persons depicted in the photographs are endowed with large genitals, abundant pubic hair, and facial and other physical features consistent with adulthood. In fact, it is doubtful that any reasonable person could conclude beyond a reasonable doubt, simply by looking at them, that the persons in these photographs are under 18 years old.

Accordingly, the Commonwealth will not be permitted to prove this element of the offense by use of the child's lay opinion as to the age of the nude males in the materials allegedly displayed to him by Mr. Smith.

### Aggravated Sexual Battery Indictments

In connection with these charges, the Commonwealth intends to introduce the materials described above, and others, found in Mr. Smith's home pursuant to a search warrant. The relevance of that evidence to the aggravated sexual battery charges, the Commonwealth contends, is that the child will describe a course of conduct leading up to the alleged incidents. That course of conduct, it is said, consisted of Mr. Smith displaying these lewd materials to the child with the objective, or motive, of removing the child's inhibitions and "luring" him to participate in the sex acts which underlie these indictments.

As in other criminal cases, the acts that constitute the bases of these indictments do not have to be proven in a vacuum. The facts do not have to be sanitized so that the jury is left to speculate how and under what circumstances the alleged incidents occurred. The commonwealth will be permitted to offer proof, through the child's testimony and by other appropriate evidence, of the relationship and course of dealing between the child and Mr. Smith that led up to the alleged incidents. This could include a description by the child of the sorts of material that Mr. Smith gave or displayed and the circumstances surrounding those events.

The court agrees with Mr. Smith that "similar" material cannot be introduced in evidence to illustrate the child's testimony about what the child was shown by Mr. Smith in the spring of 1991 unless the child can identify the material.

### Severance

Mr. Smith moves to sever the trial of the charge under § 18.2–374.1(B)(4) from the trial of the aggravated sexual battery charges. He does not object to being tried at one time on the two aggravated sexual battery offenses.

Mr. Smith was arraigned on all of the indictments pending against him on June 24, 1992. He agreed to be tried with a jury on all charges on August 18, 1992. He did not move for a severance until August 4, 1992.

Rule 3A:10(b) provides:

> The court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's attorney consent thereto.

The court is of the opinion that the requirements of Rule 3A:6(b) have been met. These offenses are based on the same series of events and are connected parts of a common scheme or plan. Justice does not require a severance.

Therefore, even if Mr. Smith has not waived his right to a severance by his earlier willingness to be tried on all charges at one time, the court is of the opinion that he should be tried at one time for all offenses as provided in rule 3A:10(b).