COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


JOSEPH DEAN GARDNER

v.          Record No. 1050-95-1        MEMORANDUM OPINION[*] BY
                                        JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                     MARCH 19, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     Walter J. Ford, Judge

        Ronald L. Smith for appellant.

        Linwood T. Wells, Jr., Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.


    Joseph Dean Gardner (defendant) was convicted in a bench trial  for taking indecent liberties with a child under the age of fourteen years, rape, and sodomy.  On appeal, defendant complains that the trial court erroneously admitted certain inculpatory statements and challenges the sufficiency of the evidence.  For the reasons set forth below, we reverse the convictions.

    The parties are fully conversant with the record, and we recite only those facts necessary to a disposition of this appeal.

    On September 5, 1993, Kathy Fallon[1] notified police of the subject offenses, which occurred in 1976, and defendant was

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]Also spelled "Fallen" in the record.

arrested at his home by Detective James B. Jarden on October 19, 1993, at approximately 8:30 p.m. When arrested, defendant instructed his wife to contact "his attorney." Later, at the station house, defendant was advised of his constitutional rights in accordance with Miranda v. Arizona, 384 U.S. 436 (1966), and repeated to Jarden that he "wanted to wait for his attorney," a Mr. King, before talking to police. However, while awaiting a response from King, Jarden began to question defendant relative to the subject offenses.

At approximately 10:00 p.m., Jarden telephoned King at defendant's request, and King advised Jarden that "he wasn't coming . . . to the station and had already told [defendant] not to answer any of [Jarden's] questions." Jarden related this conversation to defendant, including King's admonition not to speak with Jarden, but, nevertheless, resumed his interrogation of defendant. During the interview, defendant asked "to see" the victim, Fallon, and Jarden immediately arranged a meeting at the police station.

Meanwhile, defendant recounted to Jarden incidents involving himself and Fallon, "similar to what [she] had said," but "things . . . that she had initiated." In response to Jarden's further inquiries, defendant explained that he had not discussed Fallon's conduct with his wife because she was a rape victim, easily upset by "these kinds of things." Jarden then contacted defendant's wife to confirm this information and, upon learning that it was

- 2 -

untrue, confronted defendant with the conflict.  Defendant became "quite upset," "stood up in the interview room, took off his glasses[,] and made a move [as if] he was going to hit [Jarden]." Jarden "pushed him in the chest[,] . . . backed him up to a table, got a wrist lock on him[,] . . . flipped him around on the table[,] and handcuffed him."

Fallon arrived at the station during this scuffle, and the officer accompanying her assisted Jarden in restraining defendant.[2]  Fallon was then seated at a desk "across the way . . . from" defendant, an arrangement which "allowed . . . them to talk," while Jarden listened "directly outside the door."[3]  During the ensuing "conversation," Fallon sought and obtained defendant's admission to the subject offenses.  Jarden also participated in the exchange between Fallon and defendant, specifically asking defendant to verify Fallon's allegations.

I.  ADMISSIBILITY OF STATEMENTS MADE TO VICTIM

It is well established that an accused has a Fifth and Fourteenth Amendment right to counsel during custodial interrogation.  Correll v. Commonwealth, 232 Va. 454, 462, 352 S.E.2d 352, 356, cert. denied, 482 U.S. 931 (1987).  Once such right is invoked, the accused may not be "subject to further interrogation by the authorities until counsel has been made

---

[2]The record indicates that Fallon arrived at approximately 12:30 a.m.

[3]To accommodate defendant, Jarden "took off one of the cuffs, so [defendant] could have his hands somewhat free . . . ."

available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). "If a confession is obtained in violation of Edwards, it is presumed to have been the result of an involuntary waiver of Fifth Amendment rights and, therefore, any evidence obtained as a result thereof is inadmissible." Pugliese v. Commonwealth, 16 Va. App. 82, 87, 428 S.E.2d 16, 21 (1993) (citing Edwards, 451 U.S. at 487).

"Whether an individual requested counsel is a factual determination . . . [which] will not be disturbed on appeal unless clearly erroneous." Id. We similarly defer to the trial court's factual finding that an accused did not "initiate[] the discussions which led to his confession," if supported by the evidence. Correll, 232 Va. at 463, 352 S.E.2d at 357.

Here, the trial court's determination that Jarden violated defendant's right to counsel during Jarden's initial questioning is well supported by the record. Moreover, contrary to the court's related ruling, this police misconduct also tainted defendant's later statements during the meeting with Fallon. Jarden, obviously calculating that the confrontation would likely "'elicit an incriminating response,'" arranged and participated in the exchange, which was an integral part of a "continued inquiry" and interrogation of defendant that Jarden was "bound to cease."[4] Hines v. Commonwealth, 19 Va. App. 218, 221-22, 450

---

[4] Jarden considered "a confession . . . almost a necessity to go forward with this case."

S.E.2d 403, 404 (1994) (quoting Rhode Island v. Innis, 446 U.S. 291, 301 (1980)).  Thus, defendant's statements resulting from the Fallon encounter were similarly inadmissible.[5]

II.  SUFFICIENCY OF EVIDENCE REGARDING DEFENDANT'S AGE

In reviewing a challenge to the sufficiency of the evidence, we must consider the record in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom, and will disturb the judgment of the trial court only if plainly wrong or without evidence to support it. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Code § 18.2-370 requires that an accused be "eighteen years of age or over" at the time of the offense.  Fallon testified that, at the time of the instant offense, defendant was married and had two children, the oldest of whom was four years old. Moreover, defendant was present at trial, and his "physical appearance may be considered" by the court as evidence of his age at the time of the offense.  Jewell v. Commonwealth, 8 Va. App. 353, 356, 382 S.E.2d 259, 261 (1989).  Such evidence sufficiently established that defendant was no less than eighteen years of age at the time of the offenses.

Accordingly, we reverse the convictions and remand for further proceedings consistent with this opinion, if the Commonwealth be so advised.

Reversed and remanded.

---

[5]The Commonwealth's argument that this issue was not before the trial court is without merit.