COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Haley and Beales
Argued at Richmond, Virginia


JEFFREY LEWIS HALEY

MEMORANDUM OPINION[*] BY
v.      Record No. 0877-06-2                        JUDGE JAMES W. HALEY, JR.
                                                     NOVEMBER 6, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

Randy B. Rowlett (Gordon, Dodson, Gordon & Rowlett, on brief),
for appellant.

Jonathan M. Larcomb, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jeffrey Lewis Haley ("appellant") appeals his convictions for rape, object sexual

penetration, and indecent liberties with a child. Appellant maintains that the trial court erred in

1) allowing amendments to some of the indictments against him; 2) declining to recuse itself

after hearing a proffer of the Commonwealth's evidence during a pretrial motion hearing; and

3) finding that the evidence was sufficient to support his convictions. We affirm.

FACTS

Appellant was found guilty after a bench trial on August 1, 2005 of two counts of rape,

five counts of object sexual penetration, and five counts of indecent liberties with a child. The

evidence, in the light most favorable to the Commonwealth, is that appellant committed several

acts of sexual abuse against his girlfriend's two daughters. The younger daughter was between

three and six years old on the occasions she remembered suffering abuse. The elder victim was

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

between eleven and twelve at the time of the offenses against her. After living in a trailer with their mother and appellant, the girls moved in with their grandparents in Virginia Beach. Later that year, appellant and their mother moved into an apartment in Chesterfield. The victim who was eleven years old during the period mentioned in the indictments testified that appellant abused her in this apartment on weekends and holidays when the girls were visiting their mother during the autumn of 2003 and the winter of 2003-2004.

The eleven-year-old victim described twelve incidents of sexual abuse. The trial court found that the evidence proved appellant's guilt with respect to six of the original allegations. We therefore recite only the facts of those six in the light most favorable to the Commonwealth.

The eleven-year-old victim remembered that one of the assaults took place in October of 2003. Appellant came home as she was watching a movie. Appellant took off his shirt and pants, laid down next to her, put his arm around her, rubbed her vagina with his hand, and inserted his finger inside her vagina.

There was evidence of a second assault against the eleven-year-old victim the first week in November. She testified that, as she lay on her mother's bed, appellant came onto the bed, got on top of her, threatened her, pulled down his and her underwear, and forced his penis into her vagina. She testified that appellant moved up and down on top of her until she pushed him off. When she went to the bathroom shortly afterwards, she saw semen outside of her vagina.

Around Thanksgiving of 2003, the eleven-year-old victim was resting on an inflatable mattress in the apartment. Appellant lay down beside her. She remembered him putting his arm around her, pulling up her nightgown, and rubbing her vagina above her underwear. She remembered a similar incident around Christmas of the same year, this time when she was laying next to her brother on the inflatable mattress. Appellant lay down on the mattress, scooted her

- 2 -

brother over, put his arms around the victim, lifted up her nightgown, and started rubbing her skin. Appellant then inserted his index finger into her vagina.

The eleven-year-old victim testified to a fifth incident around the time of appellant's birthday. He lay down next to her and rolled her over on her back. He pulled down her underwear, got on top of her, and pulled down his own underwear while telling her to keep her mouth shut. Appellant held her arms down with his hands as he penetrated her vagina with his penis.

The last offense against appellant's girlfriend's eldest daughter came around the time of her twelfth birthday in March of 2004. Appellant lay down next to her and moved her onto her back. He rubbed her vagina above her underwear before she pushed him off.

The younger victim remembered that appellant would watch her and the other children when they lived in the trailer. She testified that after instructing all the children to take naps in different bedrooms appellant put his hand down her pants and inserted his finger into "my private." When asked on direct examination what a vagina is, she said, "It means private." The victim testified that she cried from the pain. She also testified that appellant did the same thing to her two more times very shortly afterwards, each time after telling her and the other children to take a nap. She remembers appellant touching her vagina again around Christmas after she started kindergarten and again after the family moved out of the trailer.

At the outset of appellant's trial, the indictments with respect to the younger victim alleged that the offenses occurred "on or about January 1, 2001 through April 15, 2004." In her direct testimony, the younger victim testified appellant began abusing her when she was about four years old. The Commonwealth then moved to amend the indictments to allege offense dates of on or about March 3, 1999 through April 15, 2004. Appellant objected to this amendment.

- 3 -

The trial court offered appellant a continuance to remedy any unfair surprise caused by the change in offense dates, but appellant declined the offer of a continuance.

## ANALYSIS

### A) Amendments to the Indictments

Appellant argues that the trial court erred in allowing amendments to the indictments related to the younger victim. We disagree. The plain language of Code §19.2-231 allows the trial judge discretion to amend indictments "at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged." The amendment of which appellant complains did not change the nature of the offenses because time is not of the essence of the offense charged in a statutory rape case in which the age of the victim is not in dispute. Clinebell v. Commonwealth, 3 Va. App. 362, 367, 349 S.E.2d 676, 679 (1986). Assuming that the amendments in this case were a surprise to the defendant, appellant was entitled to a continuance. Crawford v. Commonwealth, 23 Va. App. 661, 666-67, 479 S.E.2d 84, 87 (1996) (en banc).

In Crawford, this Court explained that the opportunity for a continuance is the appropriate remedy because a surprise amendment to an indictment "necessarily burdens an accused's constitutional right 'to call for evidence in his favor.' Va. Const. art. I, § 8. The right to call for evidence in one's favor 'guarantees an accused sufficient time to investigate and evaluate the evidence . . . for trial.'" Id. at 667, 349 S.E.2d at 87 (quoting Lomax v. Commonwealth, 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984)). Appellant cites no authority for his suggestion that the trial court should have dismissed the indictments instead of offering a continuance. Nor does he explain why in his case a continuance would not have protected his right to call for evidence in his favor or provide him the time to investigate and evaluate the evidence for his trial on the amended indictments. Our prior cases also mandate that Code

- 4 -

§ 19.2-231 be liberally construed to allow amendments. Willis v. Commonwealth, 10 Va. App. 430, 437, 393 S.E.2d 405, 408 (1990). Unlike a continuance, dismissal of indictments is inconsistent with a liberal construction of Code § 19.2-231. We therefore hold that the trial court did not err in allowing the amendments to the indictments in this case and offering appellant a continuance if he wanted one.

B) The Trial Judge's Decision Not to Recuse Herself

Appellant also argues that the trial judge abused her discretion in denying his motion that she recuse herself from the trial after hearing the Commonwealth's proffer of evidence during a pretrial motion. In ruling on his request that she recuse herself after this proffer, the trial judge made the following comments from the bench: "The bottom line is, I don't think there was any testimony that taints the water, so to speak, so that I would not be able to hear the evidence and decide the case based on the evidence presented at trial, as opposed to any arguments made during the motion."

A trial judge must exercise reasonable discretion to determine whether he or she possesses such bias or prejudice as would deny the defendant a fair trial. Justus v. Commonwealth, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981). "Decisions regarding a judge's impartiality are to be made by the judge in the exercise of his or her discretion and will be reversed on appeal only upon a finding that the court abused its discretion in deciding the question." Scott v. Rutherfoord, 30 Va. App. 176, 189, 516 S.E.2d 225, 232 (1999).

Appellant contends that the proffer of evidence during his motion to sever denied him a fair trial because the proffered evidence might not have been admissible at his trial. There are at least two problems with this argument. First, there is nothing in the record to suggest that in making her factual findings the trial judge relied on anything in the proffer that did not also come out through the testimony of the witnesses. Second, appellant's argument is in conflict with our

- 5 -

confidence in the ability of trial courts to carefully discriminate between the admissible and inadmissible, a confidence that has been clearly expressed in previous decisions. "A judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both." Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981) (citing Flannery v. City of Norfolk, 216 Va. 362, 368, 218 S.E.2d 730, 735 (1975)). We hold that the trial judge did not abuse her discretion in denying appellant's motion for recusal.

### C) Sufficiency of the Evidence

Appellant makes three arguments that the evidence was insufficient to sustain his convictions. With respect to the indecent liberties convictions, he argues that the trial court erred in finding that there was sufficient evidence to prove that he was eighteen years of age or older as required by Code § 18.2-370.1. With respect to the object sexual penetration convictions, he argues that the evidence failed to show that he was not the spouse of the victims as required by Code § 18.2-67.2. Finally, appellant argues that inconsistencies in the accounts of the witnesses and the trial court's refusal to believe parts of the older victim's testimony require the reversal of all of his convictions. On appeal, our duty is to examine the evidence and affirm the convictions unless they are plainly wrong or without evidentiary support. Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998). "When examining a challenge to the sufficiency of the evidence, an appellate court must review the evidence in the light most favorable to the prevailing party at trial and consider any reasonable inferences from the facts proved." Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). The findings of fact of a judge at a bench trial are given the same weight as a jury verdict. Richards v. Commonwealth, 8 Va. App. 612, 613, 383 S.E.2d 268, 269 (1989).

Proof of Appellant's Age

Appellant is correct that Code § 18.2-370.1 requires proof that the defendant is eighteen years of age or older at the time of the offense. The trial judge considered appellant's physical appearance and concluded, pursuant to this Court's ruling in Jewell v. Commonwealth, 8 Va. App. 353, 382 S.E.2d 259 (1989), that his age at the time of the offenses was eighteen or older. Appellant argues that this conclusion violated his constitutional due process rights because the trial judge took judicial notice of an element of the offense, impermissibly relieving the Commonwealth of its burden to prove the element of age beyond a reasonable doubt. Appellant further argues that the prosecution needed somehow to introduce his physical appearance into evidence during its case-in-chief before the finder of fact could consider it. Finally, he urges us to distinguish his case from Jewell because in his case his appearance alone could not prove the age element beyond a reasonable doubt. We consider each of these arguments in turn.

Appellant is wrong to characterize the trial court's conclusion regarding the age element as an act of judicial notice. The trial judge relied specifically on Jewell, and if Jewell had been a judicial notice case, the Jewell opinion would certainly not include the phrase "It would have been improper for the trial court to take judicial notice, as suggested by the dissent, of the defendant's age." Id. at 355 n.1, 382 S.E.2d at 260 n.1. Because of her explicit reliance on Jewell, and also because the trial judge never expressly stated that she was taking judicial notice of the defendant's age, we will not assume that the trial court committed an impermissible act of judicial notice. The record instead suggests that the trial judge's comments regarding appellant's physical appearance and her related conclusions regarding his age came in the course of her lawful duty to determine the facts, a role appellant agreed the trial court should assume when he decided to be tried before a judge without a jury.

We now address appellant's related contention that the trial court erred in denying his motion to strike because the Commonwealth failed to move his physical appearance officially into evidence during its case-in-chief, neglecting to mention it as a circumstance proving age until argument on appellant's motion to strike. The trial court stated that it did not think the Commonwealth's failure to do this prevented it from considering appellant's appearance as the finder of fact because, had appellant been tried before a jury, the jury would not have been able to make any factual findings about his physical appearance until after both sides had rested. It could see no reason why the procedure in a bench trial would be different with respect to these findings. Because the text of Jewell makes clear that the age element is not the appropriate subject of judicial notice, it is unclear exactly what method appellant is suggesting the prosecutor should have used to make his physical appearance part of his case-in-chief. We hold the prosecutor did all he needed to do to call appellant's physical appearance to the attention of the finder of fact by asking the victims whether Jeffrey Haley was in the courtroom and whether they could point him out. We also note that neither our prior evidence cases nor Section 3A of the Rules of the Supreme Court of Virginia, which governs criminal practice and procedure in the circuit courts of the Commonwealth, particularly Rule 3A:13 (trial by jury or by court) and Rule 3A:15 (motions to strike or to set aside the verdict; judgment of acquittal or new trial) seem to specify any particular requirements for the introduction of evidence applicable only to bench trials and not to jury trials.

We come now to the substance of appellant's sufficiency argument regarding the element of age required by Code § 18.2-370.1. In Jewell, the defendant was convicted of proposing sexual acts to a minor in violation of Code § 18.2-370, an essential element of which was proof that the defendant was eighteen or older. Jewell, 8 Va. App. at 354, 382 S.E.2d at 260. This Court held that the defendant's physical appearance was sufficient as a matter of law to survive

the defendant's motion to strike, but reversed the defendant's conviction because the trial judge relied on documents not in evidence to find him guilty. Id. at 356-57, 382 S.E.2d at 262. The Jewell Court explained the circumstances in which a defendant's physical appearance could constitute proof of age:

> When considered together these authorities provide an integrated rule: when proof is required that a person is above or below a given age, physical appearance may be considered as proof of that fact. If a criminal defendant's appearance indicates an age well above that required to be proven and the trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds the age required to be proven, then the defendant's physical appearance alone is sufficient evidence of his age, and the fact finder may resolve that issue based only on the defendant's physical appearance. However, in less obvious cases, where the defendant's physical appearance does not establish beyond a reasonable doubt that his age exceeds that required, then physical appearance alone is insufficient evidence of his age and must be corroborated.

Id. at 356, 382 S.E.2d at 261-62.

Appellant asks us to hold that his case is one of those less obvious cases mentioned in Jewell that requires corroboration of age by other evidence because he was considerably closer to eighteen years of age than the defendant in Jewell. Yet we need not decide whether appellant's physical appearance alone could have been sufficient proof of age in this case because the record includes ample evidence corroborating the trial judge's findings. Appellant testified he married Rachael Johnson in August 2000 and had a daughter of his own. He met the victims' mother in a bar in 2001. He separated from his wife in January 2002. He also testified that he went to bars regularly after work when he was living in the trailer with them.

Finally, Detective Applewhite testified to statements appellant made suggesting that he was over the age of eighteen.

> Q: Did he tell you whether or not there were other adults in and out of the house from time to time.

A:  He said there were no other adults within the residence.  I
did ask that question, and he was the only adult in the residence.
Other children would have been – I think his son was there
at one of the times.

See Bloom v. Commonwealth, 34 Va. App. 364, 370-71, 542 S.E.2d 18, 21 (2001) (holding

defendant's statements and physical appearance proved he was over eighteen years of age).

All this corroborating evidence we consider as a whole, together with the trial judge's

observation of appellant's physical appearance, and in light of the deferential standard of review

with which we consider sufficiency of the evidence questions on appeal.  We cannot reverse the

trial judge's finding that the evidence proved appellant's age at the time of the offenses was

eighteen or older without ignoring that standard and substituting our own judgment for that of

the trial court.  We therefore hold that the trial judge properly found that there was sufficient

evidence to prove appellant was at least eighteen years of age at the time of the offenses.

Proof that the Victims Were Not Appellant's Spouses

Appellant also argues that his convictions under Code § 18.2-67.2 should be reversed

because there was insufficient evidence that he was not the spouse of the victims at the time of

the offenses.  However, the record includes overwhelming circumstantial evidence that appellant

was not the spouse of either victim.  Most importantly, both girls were too young to be married at

the time of the offenses.  The minimum legal age for marriage, even with parental consent, is

sixteen.  Code § 20-48.  At the time of these offenses, the younger girl was between four and

eight; the elder was between eleven and twelve.  Any marriage between appellant and either

victim would thus have been void pursuant to Code § 20-45.1.  We therefore hold that the trial

judge did not err in finding the evidence sufficient to prove appellant was not the spouse of either

victim.

Credibility of the Witnesses

Finally, appellant contends that the testimony of the eleven-year-old victim was inherently incredible because of inconsistencies between her testimony and other evidence regarding the dates on which appellant moved into the trailer and later into the apartment in Chesterfield. Appellant urges us to conclude that the trial court clearly erred in believing her testimony about the sexual abuse beyond a reasonable doubt while refusing to accept the entirety of her account of when that abuse occurred. The eleven-year-old victim's testimony, appellant continues, was inherently incredible because of these inconsistencies and also because of her statement that she confided the details of appellant's abuse of her to a journal yet remained somehow unable to locate the journal or explain what had happened to it. In light of the governing standard of review, we must disagree with appellant and affirm his convictions.

"The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 510, 500 S.E.2d 233, 235 (1998). The fact finder is entitled to accept as true part of the testimony of a witness and discard the rest. Callahan v. Commonwealth, 192 Va. 26, 30, 63 S.E.2d 617, 619 (1951). We cannot maintain fidelity with these principles and still agree with appellant that the trial judge could not have convicted him because she did not accept all of the victim's testimony as true. The significance of the victim's inability to find her journal was likewise a matter for the trier of fact. The trial judge accepted many of both victims' allegations as true because of their demeanor while testifying, the details they remembered, and the fact that it was their younger brother, not either of the girls, who brought appellant's abuse of them to the attention of their grandparents. We hold that the trial court did not err in its assessment of the credibility of the witnesses and affirm appellant's convictions.

Affirmed.