COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


RHAKEEM WILLIAM WINN

                                                MEMORANDUM OPINION[*] BY
v.       Record No. 1780-07-2                   JUDGE RUDOLPH BUMGARDNER, III
                                                MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Thomas N. Nance, Judge Designate

             Diane M. Abato (Abato & Davis, on brief), for appellant.

             Karen Misbach, Assistant Attorney General II (Robert F.
             McDonnell, Attorney General, on brief), for appellee.


        Rhakeem William Winn was convicted of attempted rape, sexual battery, and taking

indecent liberties.  He was granted an appeal on two issues related only to the conviction of

taking indecent liberties, Code § 18.2-370:  (1) did the trial court take judicial notice of facts not

in evidence; and (2) was the evidence sufficient to convict of that charge.  Concluding the trial

court did not err, we affirm.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

        On July 3, 2007, the defendant spent the night at the residence of Kenne Gaines, who was

the mother of his four-year-old daughter.  The defendant slept in a bedroom with his infant

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

daughter and Gaines' fourteen-year-old sister, C.G.  Gaines slept in another bedroom with her son and her sister.

Late that night, C.G. awoke Gaines and told her that the defendant had done sexual things to her.  C.G. described those acts at trial.  At the conclusion of the evidence, the trial court asked the Commonwealth if it intended to reopen its case or if it was "going to rely on the voir dire of his age."  The Commonwealth stated it "will rely on that."  The defendant objected and moved to strike the evidence because of failure to prove he was over eighteen years old.  The trial court took the indecent liberties charge under advisement pending the submission of briefs on the "age question."

At a later hearing, the defendant contended it was improper to use his voir dire answers as substantive evidence against him, but he conceded the trial court could observe a defendant and determine from "his appearance that he was above the age of 18."  However, the defendant asserted, "the Court would have had to make a finding," after which "it would have been an opportunity for the defense to rebut that."  "However," argued the defendant, "that is not what the Commonwealth relied on.  The Commonwealth boxed itself in, in asking the Court to rely on the voir dire.  I think that is inappropriate to rely on, on that for proof of his age."

The trial court ruled as follows:

> Well, I think without a doubt we would all have to be pretty well impaired not to be able to look at the defendant and say that he is over the age of 18.
> I don't think there is anybody in the Court or courthouse that would not agree that the man was certainly over the age of 18.
> I do find that that is enough, and I do rely on seeing him.

"Independent" of its reliance on the defendant's appearance, the trial court also indicated that it "would receive his answer in voir dire" regarding his age.

The defendant concedes, "physical appearance may be considered as proof of [a defendant's age] if the defendant's physical appearance indicates an age well above the required

age so far as to be proof beyond a reasonable doubt." However, he contends the trial court improperly relied on his statements made during voir dire and took judicial notice of documents in the record despite the trial judge's failure to identify what facts it intended to rely upon.

The Commonwealth must prove the defendant was eighteen years of age or older to prove the crime of taking indecent liberties with a child in violation of Code § 18.2-370. The defendant's appearance may properly be considered as proof that he is over eighteen years old:

> [W]hen proof is required that a person is above or below a given age, physical appearance may be considered as proof of that fact. If a criminal defendant's physical appearance indicates an age well above that required to be proven and the trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds the age required to be proven, then the defendant's physical appearance alone is sufficient evidence of his age, and the fact finder may resolve that issue based only on the defendant's physical appearance. However, in less obvious cases, where the defendant's physical appearance does not establish beyond a reasonable doubt that his age exceeds that required, then physical appearance alone is insufficient evidence of his age and must be corroborated.

Jewell v. Commonwealth, 8 Va. App. 353, 356, 382 S.E.2d 259, 261-62 (1989).

The trial court determined the defendant was eighteen years old or older based on his appearance in the courtroom. It clearly stated its finding, and that finding was proper. The record does not support the defendant's argument that the trial court based its finding on the defendant's answers to its questions posed during arraignment.

The trial court did not take judicial notice of those answers to prove his age. The record clearly shows the trial judge found the defendant's appearance sufficient, by itself, to prove he was eighteen or over. Independent of that finding, the trial court did state it would receive the defendant's answer during voir dire that he was over eighteen. However, that statement was not necessary to support appellant's conviction and thus constituted dicta. See Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 383, 601 S.E.2d 648, 651 (2004) (the alternative justification for

ruling was dicta because it was unnecessary to the holding). Accordingly, the trial court did not err.

The defendant expands his assertion that the evidence was insufficient by arguing, "the Commonwealth did not prove exposure by the defendant of his genitals or a proposal of a sex act." However, the defendant did not make this argument at trial. His argument in support of his motion to strike only claimed that the Commonwealth had not proven the defendant was eighteen or over, and that was the only basis on which the trial court ruled against his motion to strike. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Rule 5A:18 bars our consideration of this question on appeal.

Accordingly, we affirm appellant's conviction for taking indecent liberties.

Affirmed.