COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Huff, Judges Beales and AtLee
Argued at Richmond, Virginia


DESHAY ARKEL STITH

                                                              OPINION BY
v.        Record No. 1548-14-2                    JUDGE RANDOLPH A. BEALES
                                                              JULY 7, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SUSSEX COUNTY
Robert G. O'Hara, Jr., Judge Designate

J. Daniel Vinson (John T. Randall; Stallings & Randall, P.C., on
brief), for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


        Deshay Arkel Stith (appellant) appeals his conviction for feloniously wearing a mask in

violation of Code § 18.2-422.[1]  Appellant argues that the trial court erred in finding that the

Commonwealth introduced sufficient evidence to support a conviction for feloniously wearing a

mask.  Specifically, appellant contends that the evidence was insufficient to prove that he was

over sixteen years of age at the time of the offense, as required by Code § 18.2-422.  We hold

that the trial court did not err when it found that the evidence was sufficient beyond a reasonable

doubt to convict appellant of feloniously wearing a mask, and, accordingly, for the following

reasons, we affirm appellant's conviction.


        [1] Appellant was also convicted of robbery, in violation of Code § 18.2-58, and use of a
firearm during the commission of a felony, in violation of Code § 18.2-53.1.  However, appellant
does not challenge those convictions on appeal.

I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth, as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).

On February 12, 2013, a man wearing a gray hooded jacket and a white bandana over the lower half of his face entered a convenience store in Wakefield, Virginia. Once inside the store, he pointed a firearm at the store clerk, and demanded that the clerk "[g]ive [him] all the money." The store clerk took all the money that she had behind the counter, put it in a bag, and gave the bag to the man. The man then ran out of the store after warning the store clerk not to call the police. The police developed appellant as a suspect in the robbery after viewing security footage from inside the convenience store and after the store clerk identified appellant from a Facebook picture. Police also recovered a jacket beside a nearby dumpster that matched the store clerk's description of one the robber had worn.[2] Based on their investigation, police officers arrested appellant for committing the robbery. Appellant was charged with feloniously wearing a mask in violation of Code § 18.2-422, among other offenses. The circuit court held a competency hearing and arraignment on November 13, 2013. During the plea colloquy, the judge asked appellant his current age, and appellant replied that he was nineteen.

At appellant's bench trial, held one year and three months after the offense, neither appellant's counsel nor the Commonwealth actually presented evidence of appellant's age. During his closing argument, appellant contended that the trial court could not find him guilty on the charge of feloniously wearing a mask, on the ground that the Commonwealth presented no evidence of

---

[2] DNA on the jacket indicated a possible match with appellant although appellant disputed the value of these results.

appellant's age. Appellant's counsel then continued with the remainder of his closing argument, stating at one point, "You have my client, who is not a convicted felon. *He is nineteen years old.*" App. at 197 (emphasis added).

After arguments, the trial judge found appellant guilty as charged. After the trial court announced its judgment, counsel for appellant asked whether the judgment included a conviction on the charge of feloniously wearing a mask and if the court had considered his argument that the Commonwealth had failed to prove appellant's age. The trial court replied, "Well other than what the Court observes, and the fact that he was charged as an adult."

After trial, appellant moved to vacate his conviction for feloniously wearing a mask, but the trial court denied appellant's motion. In explaining why it was denying appellant's motion to vacate, the trial court explained that the evidence was sufficient to prove beyond a reasonable doubt that appellant was over sixteen years of age at the time of the offense:

> And I forgot my exact words, but I believe they are—they were paraphrased that—to the effect that other than what the Court observed, the defendant was before the Court having not been prosecuted or proceeded against as a juvenile.
>
> The Court believes that there is authority that as the trier of fact in the case, the trier of fact, when age is an element or a necessary proof, that the court, or the trier of fact, in this case being one and the same, can use its senses and its observations and those reasonable and appropriate inferences that are drawn from those observations.
>
> The defendant appeared, obviously, and remained present throughout the course of his trial. He, I believe, testified during his trial. The defendant appeared to the Court, and does today, to be a man of above average stature. He is six foot or taller. He weighs close to 200 pounds or perhaps a little over. He spoke and he carried himself, and his mannerisms suggested to the Court, and the Court, as the trier of fact, did conclude that indeed the defendant was above, or at or above—above or at least at the age of an adult eighteen or more. And I believe on the routine and traditional voir dire by the Court in ascertaining his plea and whether or not he waived his right to trial by jury, he likewise responded to his age when queried by the Court.

But the Court would basically again suggest that the defendant's appearance, his manner, his speech, his carriage, his stature, all led the trier of fact to conclude that, indeed, at the time of the offense he had reached and was beyond his sixteenth birthday.

App. at 213-15.

## II. ANALYSIS

Appellant challenges the sufficiency of the evidence to support his conviction for feloniously wearing a mask. When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

At the time of the offense,[3] Code § 18.2-422 stated, in relevant part, as follows:

It shall be unlawful for any person *over sixteen years of age* while wearing any mask, hood or other device whereby a substantial portion of the face is hidden or covered as to conceal the identity of the wearer, to be or appear in any public place, or upon any private property in this Commonwealth without first having

---

[3] Code § 18.2-422 was amended after appellant committed the offense. 2014 Va. Acts ch. 167. None of those amendments, however, have any bearing on this appeal.

> obtained from the owner or tenant thereof consent to do so in writing.

(Emphasis added).

This Court's decision in <u>Jewell v. Commonwealth</u>, 8 Va. App. 353, 382 S.E.2d 259 (1989), is highly instructive and dictates the result in this case. In <u>Jewell</u>, this Court set forth the standard for determining whether a defendant meets or exceeds a particular statutory age. The defendant, Jewell, had been convicted of proposing a sexual act to a minor in violation of Code § 18.2-370. That offense required as one of its elements that the perpetrator be eighteen years of age or older at the time of the offense. On appeal to this Court, Jewell, who was forty-five years old at the time of his trial, argued that the Commonwealth had failed to prove that he was eighteen years of age or older at the time of the offense. <u>Id.</u> at 354-55, 382 S.E.2d at 260-61. The trial court observed that Jewell was well beyond the requisite age for the offense in that case, stating that "the court . . . has several senses it can use, including that of sight. And this man looks like he's well beyond that." <u>Id.</u> at 355, 382 S.E.2d at 261. The trial court then stated, however, that he was "not relying on that." <u>Id.</u> Instead, the trial court actually relied on official documents in the court's file – though not in evidence – to determine that Jewell was over eighteen years of age at the time of the offense.[4] <u>Id.</u> This Court determined that the physical appearance of Jewell – as depicted by the trial court's statements in the record – was sufficient as a matter of law to determine that Jewell was over eighteen years of age. <u>Id.</u> at 356, 382 S.E.2d at 262. Nonetheless, because the trial court did not actually rely on Jewell's physical appearance in making its factual determination regarding Jewell's age – and instead relied only on items not in

---

[4] Those documents included a fingerprint form containing Jewell's signature along with a birthdate of "8/15/41" and a uniform summons with the same birth date. <u>Id.</u> at 355, 382 S.E.2d at 261.

evidence – this Court reversed Jewell's conviction and remanded the case for a new trial. In making its ruling, the Court crafted the following rule:

> [W]hen proof is required that a person is above or below a given age, physical appearance may be considered as proof of that fact. If a criminal defendant's physical appearance indicates an age well above that required to be proven and the *trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds the age required to be proven*, then the defendant's physical appearance alone is sufficient evidence of his age, *and the fact finder may resolve that issue based only on the defendant's physical appearance.* However, in less obvious cases, where the defendant's physical appearance does not establish beyond a reasonable doubt that his age exceeds that required, then physical appearance alone is insufficient evidence of his age and must be corroborated.

Id. at 356, 382 S.E.2d at 261-62 (emphasis added).

Thus, the rule set forth in Jewell envisions two categories of cases: (1) those where it is obvious from the defendant's appearance that he or she meets or exceeds the statutory age and (2) those where it is not obvious whether the defendant meets or exceeds the statutory age. This Court in Jewell explained that, for the first type of cases, a factfinder may rely on the defendant's physical appearance by itself when arriving at its conclusion regarding the defendant's age. Id. For the second type of cases, where it is less obvious whether a defendant meets or exceeds a statutory age, corroborating evidence is necessary and the factfinder may *not* rely solely on a defendant's physical appearance to arrive at a determination regarding the defendant's age. Id. The Court in Jewell found that determining which type of scenario is applicable is a question for the trial court and factfinder. The Court stated,

> If a criminal defendant's physical appearance indicates an age well above that required to be proven, and *the trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds the age required to be proven*, then the defendant's physical appearance alone is sufficient evidence of his age, and the fact finder may

- 6 -

> resolve that issue based only on the defendant's physical appearance.

Id. at 356, 382 S.E.2d at 261 (emphasis added).

The application of this Court's decision in Jewell in subsequent cases also makes clear that it is the trial court's prerogative to determine whether the physical appearance of a defendant places the case within the purview of the first scenario or within the second scenario. In Lambert v. Commonwealth, 9 Va. App. 67, 72-73, 383 S.E.2d 752, 755 (1989), this Court held that the defendant's age was not an essential element of the statute at issue, but noted that even if it was, the trial judge could make a finding of the defendant's age based on his appearance alone. Citing Jewell, this Court in Lambert determined that the trial court's observation "that from appearance it was 'obvious that [the defendant] was in excess of fifteen years of age'" was sufficient to support its finding regarding the defendant's age. This Court followed similar logic in Winn v. Commonwealth, Record No. 1780-07-2, 2009 Va. App. LEXIS 141 (Va. Ct. App. Mar. 24, 2009).[5] In Winn, the Court held that the factfinder could properly rely solely on the defendant's physical appearance to support its finding of the defendant's age, based on the trial court's statement,

> Well, I think without a doubt we would all have to be pretty well impaired not to be able to look at the defendant and say that he is over the age of 18.
>
> I don't think there is anybody in the Court or courthouse that would not agree that the man was certainly over the age of 18.
>
> I do find that that is enough, and I do rely on seeing him.

Id. at *5.

---

[5] Unpublished opinions of this Court, while having no precedential value, are nevertheless persuasive authority. Otey v. Commonwealth, 61 Va. App. 346, 351 n.3, 735 S.E.2d 255, 258 n.3 (2012).

Appellant's argument that the trial court improperly relied on his appearance alone in determining his age is contrary to Jewell and its progeny. In this case, the trial court clearly stated that, as factfinder, it could conclude that appellant was over sixteen at the time of the offense, based on a number of observations about appellant's appearance and mannerisms. During trial, the trial court made it clear that it was basing its decision regarding appellant's age on "what the court observes." At the motion to vacate, the trial court observed that appellant was "above average stature," was "six foot or taller," and weighed "close to 200 pounds or perhaps a little over." The trial court further explained that appellant spoke and carried himself in a manner indicating that he was "above or at least at the age of an adult eighteen or more."[6] The deference this Court must give to the trial court's finding regarding appellant's age is in keeping with the longstanding principle that when we consider the sufficiency of the evidence to prove an issue of fact,

> "[W]e must give trial courts and juries the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them

---

[6] After making observations about appellant's appearance and mannerisms, the trial court stated, "I believe on the routine and traditional *voir dire* by the court in ascertaining his plea and whether or not he waived his right to trial by jury, he likewise responded to his age when queried by the court." It is clear from the record, however, that appellant's statement regarding his age did not form the basis of the trial court's determination. In fact, just after its statement regarding appellant's response during the plea colloquy, the trial court stated, "*But* the Court would basically again suggest that [appellant]'s appearance, his manner, his speech, his carriage, his stature, all led the trier of fact to conclude that, indeed, at the time of the offense, he had reached and was beyond his sixteenth birthday." (Emphasis added). Thus, the trial court's statements indicate that its decision regarding appellant's age was based primarily on the trial court's observations of appellant's physical appearance – and not on statements appellant made about his age during his plea colloquy. Thus, because the trial court relied primarily on appellant's physical appearance in arriving at its decision regarding age, *and* because the trial court's statements about appellant's physical appearance together support the trial court's determination regarding appellant's age, this Court today does not consider – and need not consider – the propriety of a factfinder's partial reliance on statements a defendant makes during a plea colloquy.

- 8 -

> ourselves, we should give great weight to the conclusions of those who have seen and heard them."

Williams v. Commonwealth, 56 Va. App. 638, 642, 696 S.E.2d 233, 235 (2010) (quoting

Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955)).  The trial judge –

who had the opportunity to observe appellant before and throughout trial – certainly was not

plainly wrong when he determined that, based on his physical appearance, appellant was above

the age of sixteen at the time he committed the offense.[7]

### III. CONCLUSION

Viewing the evidence in the light most favorable to the Commonwealth, as we must since

it was the prevailing party below, we hold that the trial court did not err when it relied only on its

own observations of appellant's physical appearance to determine that there was sufficient

evidence to prove beyond a reasonable doubt that appellant was over the age of sixteen when he

committed the offense.  Accordingly, we affirm appellant's conviction for feloniously wearing a

mask in violation of Code § 18.2-422.

Affirmed.

---

[7] This Court also notes that appellant's counsel stated during closing argument that appellant was nineteen years old at the time of trial, which would certainly have made him over the age of sixteen at the time of the offense.  Although statements made by counsel are generally not part of evidence, counsel's acknowledgement of appellant's age at trial was not a fact that the trial court was required to ignore.