COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Annunziata, Clements and Petty


KELLY HUFF, S/K/A
  KELLY LYNN HUFF
                                                    MEMORANDUM OPINION*
v.      Record No. 0596-22-3                             PER CURIAM
                                                      DECEMBER 29, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

(W. Cameron Warren; Pack Law Group, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


        Counsel for Kelly Lynn Huff filed a brief on her behalf accompanied by a motion for leave

to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy of that

brief has been furnished to Huff with sufficient time for her to raise any matter that she chooses.

Huff has not filed any *pro se* supplemental pleadings. After examining the briefs and record in this

case, the panel has determined that this appeal is wholly frivolous and unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a).

        The trial court convicted Huff of unlawfully removing property without the intent to

steal, in violation of Code § 18.2-137, and sentenced her to five years' incarceration, all

suspended. On appeal, Huff challenges the sufficiency of the evidence to sustain her conviction.

For the following reasons, this Court affirms the trial court's judgment.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In January 2020, Kelsey Hammitt and her husband, Gregory Brochon, rented a single-family home to Huff. The kitchen was furnished with a refrigerator, dishwasher, sink, stove, washer, and dryer. The upstairs and downstairs bathrooms were furnished with toilets, vanities, and tubs. At trial, Hammitt identified photographs taken "several months" before Huff moved in depicting the appliances within the house. On July 15, 2020, at Hammitt and Brochon's direction, the "Sheriff's Office" served Huff with a thirty-day notice of eviction.

On August 20, 2020, Brochon visited the house because he had seen a moving truck "in the backyard" and assumed Huff had left. When he arrived, the back door was open, and the washer and dryer were missing. Brochon and Hammitt visited the house again three days later and discovered that the "remaining appliances" were also missing.

On September 26, 2020, a friend informed Hammitt that the front door to the house was "wide open." Hammitt and Brochon drove to the house and saw that the front door had been "splintered and broken in"; there were "mounds of trash" "everywhere." "[A]ll of the kitchen cabinets had been taken off the walls," and "the kitchen sink was gone." Mirrors, faucets, shower heads, light fixtures, and light switch panels had been removed from the bathrooms. The upstairs sink and tub "had been spray painted," and the downstairs bathroom toilet was cracked. Hammitt and Brochon reported the incident to Lynchburg Police Officer Takacs, who spoke with Huff about

- 2 -

the missing appliances later that afternoon. Huff told Officer Takacs that the appliances were hers because of "some agreement" with Brochon. She also claimed that she had purchased new appliances that would be delivered to the house to "replace" those she had removed. Hammitt testified that the cost of the stove, dishwasher, washer, and dryer was "likely over three thousand dollars." Neither Hammitt nor Brochon had agreed that Huff could remove "appliances or . . . other fixtures" from the house.

Huff testified that she had purchased the refrigerator, dishwasher, and stove before moving into the house. She also claimed that Hammitt and Brochon's personal washer and dryer at their "primary residence" broke while she was a tenant, so she purchased new units for them "to be kind," believing that she could then remove the old units from the house she was renting. She denied telling Officer Takacs that she had any agreement with Brochon regarding the appliances. She also denied that she had caused any of the "property damage."

After the close of the evidence and argument by counsel, the trial court convicted Huff of removing property without the intent to steal, in violation of Code § 18.2-137. The court found that there was no "dispute" that Huff had removed the appliances because she testified that she "owned" them. Nevertheless, the court credited Hammitt's testimony, corroborated by the photographs, that the appliances were in the house before Huff rented it. The court also credited Officer Takacs's testimony that Huff claimed to have removed the appliances under "some sort of agreement with" Brochon. Huff appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does

- 3 -

not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Lucas v. Commonwealth*, 75 Va. App. 334, 342 (2022) (quoting *McGowan*, 72 Va. App. at 521).

Huff argues that the evidence was insufficient to support her conviction because she "did not take any items from the residence that were not hers." She relies upon her testimony that she purchased the refrigerator, stove, and dishwasher before moving into the house. She also claims that she "purchased a new washer and dryer" for Hammitt and Brochon "with the understanding that" she could "keep the washer and dryer" in the rental house. In sum, she asks this Court to reweigh the evidence and substitute our judgment for that of the trial court by accepting her version of events.

"The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them." *Stith v. Commonwealth*, 65 Va. App. 27, 35 (2015) (quoting *Williams v. Commonwealth*, 56 Va. App. 638, 642 (2010)). Thus, it is well established that weighing and balancing witness testimony "is within the exclusive province of the [trier of fact], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "[T]he trier of fact is free to believe or disbelieve, in whole or in

- 4 -

part, the testimony of any witness." *Rams v. Commonwealth*, 70 Va. App. 12, 38 (2019) (citing *Carosi v. Commonwealth*, 280 Va. 545, 554-55 (2010)).

This Court "will not disturb" the trier of fact's "determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" *Dalton*, 64 Va. App. at 526 (quoting *Walker v. Commonwealth*, 258 Va. 54, 71 (1999)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). The trier of fact's "evaluation[] of credibility" often involves "choosing between competing accounts offered by different witnesses." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011).

The trial court was not obligated to credit Huff's claim that she had purchased the refrigerator, stove, and dishwasher before moving in, and acquired ownership of the washer and dryer while a tenant. Rather, considering the evidence as a whole, the trial court "was at liberty to discount" Huff's "self-serving [testimony] as little more than lying to conceal [her] guilt . . . , and could treat such prevarications as affirmative evidence of guilt." *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008). After weighing Huff's account against Hammitt and Brochon's testimony—corroborated by photographs—that the appliances belonged to them and were in the house before Huff moved in, the trial court credited the Commonwealth's witnesses. *See Lambert v. Commonwealth*, 70 Va. App. 740, 760 (2019) (holding that although corroboration is not necessary, a witness' testimony was not inherently incredible when it was corroborated by other evidence).

"[W]hen the law says that it is for the trier of fact to judge the credibility of a witness, the issue is not a matter of degree." *Dalton*, 64 Va. App. at 526 (quoting *Simpson v.*

*Commonwealth*, 199 Va. 549, 557 (1957)).  The Commonwealth's witnesses testified regarding facts sufficient to sustain Huff's conviction.  Thus, the evidence was competent, not inherently incredible, and sufficient to sustain Huff's conviction for unlawfully removing property without the intent to steal, in violation of Code § 18.2-137.

### CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw.  *See Anders*, 386 U.S. at 744.  This Court's records shall reflect that Kelly Huff, s/k/a, etc., is now proceeding without the assistance of counsel in this matter and is representing herself on any further proceedings or appeal.

*Affirmed.*